Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T: 503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
TP: 713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**PLAINTIFFS' RULE 12(b)(6) MOTION TO DISMISS INTEL'S COUNTERCLAIMS** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T:  713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T:  903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims

# PLAINTIFFS' RULE 12(B)(6) MOTION TO DISMISS
# <u>INTEL'S COUNTERCLAIMS</u>

## MOTION

Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh respectfully file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). The Court should dismiss all of Defendant Intel Corporation's counterclaims against Plaintiffs. Plaintiffs do not oppose granting Intel leave to replead.

Plaintiffs certify that the parties made a good faith effort through telephone conferences and written correspondence to resolve the dispute but were unsuccessful.

## NATURE AND STAGE OF PROCEEDINGS & STATEMENT OF ISSUES

This case is at its outset and involves claims for infringement of U.S. Patent No. 7,027,944 (the '944 patent). Plaintiffs filed their original complaint on February 21, 2018, and Intel filed its answer and counterclaims on April 16, 2018 (ECF 31).

Intel asserts counterclaims for declaratory judgments on non-infringement and invalidity. These claims should be dismissed because Intel fails to plead sufficient facts supporting the counterclaims. This motion presents the following issues:

    1.    ***Whether Intel's counterclaim for declaratory judgment for non-infringement (Count 1) should be dismissed because Intel fails to plead sufficient facts supporting these allegations***, including (1) which elements of the '944 patent are (allegedly) not infringed by Intel's approximately 500 accused products; (2) which of the '944 patent claims are at issue; and (3) which accused products (allegedly) do not infringe.

    2.    ***Whether Intel's counterclaim for declaratory judgment for invalidity (Count 2) should be dismissed because Intel fails to plead facts supporting this claim***, including because (1) Intel's bare citation to statutes is wholly insufficient; and (2) Intel merely pleaded the elements of a declaratory

judgment of invalidity and failed to identify which of the 36 claims are (allegedly) invalid.

## THE ALLEGATIONS IN THE COUNTERCLAIM

The allegations at issue are set forth in counterclaim at paragraphs 103–107.  As set forth below, these paragraphs are insufficient to state counterclaims against Plaintiffs—especially given the fact that Intel has full knowledge of the products at issue and all of the underlying facts (if any) to support its alleged counterclaims.

## SUMMARY OF THE ARGUMENT

Intel fails to plead sufficient facts supporting its declaratory judgment for non-infringement and pleads *no* facts to supports its declaratory judgment for invalidity. Its counterclaims should thus be dismissed for failure to state a claim, with leave to replead.

## ARGUMENT AND AUTHORITIES

**A.    LEGAL STANDARDS.**

The legal standards are well established.  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the non-movant has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Similarly, "a counterclaim must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Tannerite Sports, LLC v. Jerent Enters., LLC*, 2016 WL 1737740, at *1 (D. Or. May 2, 2016)

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–2

(citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009)).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Where a counterclaim fails to state a claim upon which relief can be granted, it must be dismissed. *Allstate Ins. Co. v. Rote*, 2016 WL 8902597, at *3 (D. Or. Nov. 14, 2016). In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, but the court need not accept bare conclusory assertions. *Hunter v. Gomez,* 536 Fed. Appx. 750 (9th Cir. 2013); *Herrera-Castanola v. Holder*, 528 Fed. Appx. 721, 723 (9th Cir. 2013) (citing *Iqbal*, 556 U.S. at 681, 129 S.Ct. 1937.) "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Patel v. City of Montclair*, 798 F.3d 895, 897 (9th Cir. 2015). "However, the court need not accept conclusory allegations as truthful." *Rapacki v. Chase Home Fin. LLC*, 797 F. Supp. 2d 1085, 1087 (D. Or. 2011) (citing *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992)) "Rather, to state a plausible claim for relief, the complaint 'must contain sufficient allegations of underlying facts' to support its legal conclusions." *Gartner v. United States*, 2017 WL 1731693, at *1 (D. Or. May 1, 2017) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although allegations need not meet the specificity required under Rule 9(b), a pleading must provide the grounds for entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("naked assertions devoid of further factual enhancement," along with "legal conclusions" and "threadbare recitals of

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–3

the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *see also Ouma v. Clackamas County,* 2013 WL 4759053, at *1 (D. Or. Sept. 3, 2013) ("A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the 'grounds' of his 'entitlement to relief' with nothing 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action [.]'").

### B.    INTEL FAILS TO PLEAD A CLAIM FOR A DECLARATORY JUDGMENT ON NON-INFRINGEMENT.

Defendant's Counterclaim Count I for a Declaratory Judgment of Non-Infringement alleges as follows:

> 103. Plaintiffs have sued Intel claiming that they are the owners of the '944 patent and accusing Intel of infringing the '944 patent. Intel denies that it infringes the '944 patent, that the '944 patent is valid, and that the '944 patent is enforceable against Intel. An actual controversy exists under the Declaratory Judgment Act between the parties concerning the infringement, validity, and enforceability of one or more claims of the '944 patent, and that controversy is ripe for adjudication by this Court.
>
> 104. Plaintiffs claim that they are the owners of all rights, title, and interest in and to the '944 patent. Plaintiffs have expressly charged Intel with infringement of the '944 patent by filing a Complaint for Patent Infringement against Intel in this civil action on February 21, 2018 (Dkt. #1).
>
> 105. Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '944 patent. In light of Plaintiffs' Complaint for Patent Infringement, there exists an actual controversy between Plaintiffs and Intel regarding this patent. Intel's accused products do not include many elements required by the asserted claims of the '944 patent. For example, Intel's accused products do not include, among other things, the required "calibration control circuit," "sense outputs," "droop outputs," "temperature input," "load voltage input," "nonvolatile memory" that stores "calibration data," or "calibration control circuit" that interfaces with

>nonvolatile memory to store "calibration data," and they do not use temperature data "to adjust said sense outputs and said droop outputs" or interface with a temperature input and load voltage input to calibrate "calibration data" stored in nonvolatile memory, as required by the '944 patent.
>
>106.  Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Intel with respect to the alleged infringement of the '944 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.
>
>107.  Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '944 patent, (b) it has not contributed to, and is not contributing to, infringement of the '944 patent, and (c) it has not induced, and is not inducing, infringement of the '944 patent.

(Doc. No. 31, at ¶¶ 103–07)

These paragraphs fail to state a claim. The only paragraph alleging non-infringement is paragraph 105. That paragraph is wholly insufficient.

*First,* the allegations in paragraph 105 merely parrot the elements of Claim 1 of the patent and couple them with the assertion that the accused products do not contain various elements "as required by the patent." All this statement alleges is that none of the accused products generally utilize various essential elements of the '944 patent—which is the equivalent of simply saying "Intel does not infringe the '944 patent." This is just a conclusory denial of infringement.

*Second,* Intel does not identify which of the 36 claims in the '944 patent are not infringed and pleads no facts establishing why each of the claims at issue is (allegedly) not infringed. If Intel is alleging that each of the accused products does not contain, for example, a calibration control circuit, Intel should say that. Intel's allegation does not

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–5

state whether such items as nonvolatile memory, calibration data, or temperature data are even present on any or all of its products or whether such items are used differently than described in the various claims of the '944 patent. Instead, Intel qualifies its allegations with statements such as "as required by the '944 patent" and "Intel's accused products do not include, among other things, the required". Intel should clarify which elements are present or not. And, for the elements that are present, Intel should identify why its accused products (allegedly) do not use these elements in the manner set forth in the '944 patent. Intel fails to set forth facts alleging why any of the requisite elements of each of the patents claims are not met or which claims Intel alleges are not infringed. Intel's analysis amounts to a legal conclusion with no factual statements about Intel's use of various elements found in the '944 patent.

Since Intel made the decision to seek affirmative relief in this case by filing counterclaims, Intel should set forth these underlying facts that support its declaratory judgment for non-infringement so that Plaintiffs may understand Intel's counterclaim. Consider, for example, if Plaintiffs had filed a complaint simply alleging that Intel's products do not use various elements "as required by the '944 patent." Intel would undoubtedly move to dismiss it. Intel should be held to the same standard—if not a higher one, given that Intel has full knowledge of the products at issue. Intel did not plead its declaratory judgment on information and belief which indicates that Intel knows the information supporting its declaratory judgment for non-infringement. Intel seeks a declaration from this Court that it is not infringing the '944 patent, but fails to set forth

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–6

facts alleging why any of the requisite elements of each of the patents claims are not met or which claims Intel alleges are not infringed.

***Third,*** Intel fails to identify which of the accused products (allegedly) do not infringe the '944 patent. Is Intel asserting that all of the 500 accused products do not generally use the various elements of the patent? Plaintiffs and the Court are left to guess which claims are not infringed and which facts support Intel's claim for relief, as the basic factual allegations are missing. *See, e.g.*, *Tannerite Sports, LLC*, 2016 WL 1737740, at *5 (dismissing Defendant's counterclaim for non-infringement for failure to allege sufficient facts that left "the Court to guess which facts support its claim for relief.").

Intel should be required to plead the basic facts supporting these allegations. Indeed, the fact that Intel chooses not to plead these basic facts—despite having full knowledge of the technology and products at issue—suggests that Intel's counterclaim has no merit.

C.  **INTEL FAILS TO PLEAD A CLAIM FOR A DECLARATORY JUDGMENT ON INVALIDITY.**

On Count II, alleging invalidity of the '944 patent, Intel failed to include any facts, but merely pleads a citation to the statutes as a basis for invalidity:

> 108. Intel repeats and realleges the allegations in Paragraphs 99 through 107 of its Counterclaims, above, as if set forth fully herein.
>
> 109. Intel contends that the claims of the '944 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112. The '944 patent was neither novel nor nonobvious at the time of the purported invention. For example, all the elements of the patent claims asserted by Plaintiffs were known in

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–7

> the prior art, including, among other things, voltage regulators and temperature compensation for feedback loops, and the asserted claims of the '944 patent are, at best, obvious combinations of such prior-art elements.
>
> 110.  Intel is informed and believes, and on that basis alleges, that Plaintiffs contend that the '944 patent is valid and enforceable.
>
> 111.  Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Intel with respect to the validity of the '944 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.
>
> 112.  Intel is entitled to a declaratory judgment that the claims of the '944 patent are invalid.

(Doc. No. 31, at ¶¶ 108–12)

Federal courts have held that citations to statutes without factual allegations are "radically insufficient." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004); *Grid Sys. Corp. v. Tex. Instruments Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991) When a defendant pleads §§ 102, 103, and 112, the defendant must allege facts to support its claim of invalidity rather than conclusory pleadings. *Tannerite Sports, LLC v. Jerent Enters., LLC,* 2015 WL 5829816, at *4 (D. Or. Oct. 6, 2015).[1] Intel generally alleges the elements of invalidity—which is wholly insufficient. *Greenbroz,*

---

[1]  While the court initially denies the motion to dismiss the direct non-infringement claims in this decision which was prior to the amendment of Federal Rule of Civil Procedure 84 and the abrogation of Form 18, the court in a later decision (cited in the non-infringement section above) granted plaintiffs' motion to dismiss defendant's direct non-infringement counterclaim. *Tannerite Sports, LLC*, 2016 WL 1737740, at *5.

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–8

*Inc. v. Laeger Built, LLC*, 2017 WL 3622308, at *2 (S.D. Cal. Aug. 22, 2017) (Counterclaims for non-infringement and patent invalidity that contain no factual allegations whatsoever, asserting only legal conclusions do not contain sufficient factual matter to state plausible claims for relief.)

Intel further fails to identify which claims of the '944 patent it alleges are invalid. While Intel alleges the conclusion that the prior art (allegedly) invalidates the patent, Intel pleads no facts explaining what this prior art generally consists of or why it allegedly invalidates the '944 patent. Intel certainly does not identify the prior art that it is relying on to support this counterclaim.

Again, Intel made the decision to seek affirmative relief in this case by filing this counterclaim—and undoubtedly, analyzed the alleged invalidity issues before filing this counterclaim. Intel should be required to set forth the basic facts establishing this alleged claim. Again, the fact that Intel has failed to plead any such facts strongly suggests that this counterclaim has no merit.

In sum, Plaintiffs are only asking Intel to disclose the basis for its conclusory allegations, to the extent it currently has a basis. Plaintiffs' concern is that Intel's pleadings give no guidance as to Intel's factual contentions, and if Intel succeeds in avoiding such disclosures in its pleadings, it will continue to avoid such disclosures in discovery for as long as possible, substantially delaying progress in the case and increasing costs.

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–9

# CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request that this Court dismiss all of Intel's counterclaims for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 8(a). Plaintiffs do not oppose granting Intel leave to replead.

Respectfully Submitted,

By: */s/ Howard L. Close*
Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN, LLP

Howard L. Close
Kathleen S. Rose
Ronald L. Flack, Jr.
WRIGHT CLOSE & BARGER, LLP

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES

Luke Motley IV
LAW OFFICES OF LUKE MOTLEY, IV PC

**Attorneys for Plaintiffs**

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–10

## CERTIFICATE OF CONFERENCE

I certify that Plaintiffs and Intel attempted to work out the issues in this Motion to Dismiss, but were unable to do so after exchanging written correspondence and engaging in a teleconference on May 16, 2018.

>*/s/ Howard L. Close*
>Howard L. Close

## CERTIFICATE OF SERVICE

I certify that this document is being served on all counsel of record through the Court's ECF system.

>*/s/ Howard L. Close*
>Howard L. Close

Plaintiffs' Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims–11