Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
TP:  713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T: 713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T: 903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

Michael J. Summersgill ((*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com

Attorneys for
Defendant and Counterclaim Plaintiff INTEL CORPORATION

Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh and Defendant and Counterclaim Plaintiff Intel Corporation, by and through their attorneys of record, present this Joint Fed. R. Civ. P. 26(f) Report and Proposed Discovery Plan to the Court.

**1.      Nature and Complexity of the Case**

This is a complex patent case involving one patent-in-suit asserted against multiple accused products.  Disclosures have not yet been made.  Initial discovery has been served by both sides with responses due by both sides on Monday, June 18, 2018.

**2.      Discovery Plan**

(A).    <u>Initial Disclosures</u>: The parties have agreed to serve initial disclosures on June 15, 2018.

(B).    <u>Subject Matter of Discovery</u>: In accordance with Fed. R. Civ. P. 26(b)(1) and the proposed case schedule (Section 3 below), the parties expect discovery on the subjects set forth in the pleadings related to the claims, defenses, and counterclaims.

(C).    <u>Electronically Stored Information (ESI)</u>: The parties agree to adopt the District of Oregon's *Model Order Regarding E-Discovery in Patent Cases*.

(D).    <u>Confidentiality and Privilege Issues</u>: The parties believe that a joint stipulated protective order under Fed. R. Civ. P. 26(c) is necessary to protect the parties' confidential, proprietary information and documents. The parties contemplate presenting a proposed joint stipulated protective order, including a provision regarding the non-waiver of privilege and work product pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), for the Court's consideration.  To the extent the parties cannot agree on particular provisions of the proposed protective order, they will propose submitting competing proposals to the Court.

(E).    <u>Proposed Discovery Limitations and Procedures</u>: The parties are partially in agreement regarding discovery limitations.  Their agreed proposals are listed first below, followed by their offer of proposals on items for which they disagree:

<u>Agreed Provisions Regarding Discovery Procedure:</u>

<u>Interrogatories:</u> The parties agree that each side will be limited to 35 interrogatories. Plaintiffs may collectively serve a total of 35 interrogatories on Intel.  Intel may serve a total of 35 interrogatories on Plaintiffs.  The parties agree that interrogatories directed to contentions about the patent-in-suit or accused products shall not be counted as multiple interrogatories based on multiplication by the number of accused products for purposes of the limitation of Fed. R. Civ. P. 33(a)(1).

<u>Requests for Admission:</u> The parties agree to the limitations set forth in the Federal Rules of Civil Procedure.

<u>Document Requests:</u> Plaintiffs agree to the limitations set forth in the Federal Rules of Civil Procedure.

The parties further agree that discovery requests and responses, and any other document that must be served directly (as opposed to using the Court's CM/ECF system), may be served via electronic means to all counsel of record for the other party, subject to Fed. R. Civ. P. 5 and 6 and Local Rules 5 and 6 with a back-up copy of the main document (without attachments) being sent via United States Mail.

The parties also agree in the interests of efficiency and proportionality that privilege/work product logs need not include information created or transmitted on or after the date of Plaintiffs' Complaint (February 21, 2018).

**Plaintiffs' Proposed Discovery Limitations and Procedures:**

Initial Statement: This is a complex case. Even though only one patent is at issue, the technology involved has been evolving for close to a decade.  As such, there is voluminous literature and numerous products made by Defendants that likely infringe on the patent in question. At this point in the litigation, Plaintiffs do not know what information will be provided by Intel through disclosures or initial discovery that has already been served.  Plaintiffs anticipate that they will require discovery on, among other things, Plaintiffs' claims of infringement by Defendant, the extent of damages, and Defendants' affirmative defenses and counterclaims.

Depositions:  Plaintiffs have already identified over a dozen Intel employees as authors of relevant published literature.  Plaintiffs have no desire to take unnecessary depositions, but given these issues, Plaintiffs want to avoid having to: (1) be limited in the number of depositions a party can take given that some depositions may be very brief and quickly provide the information sought; (2) be forced to ask this Court for additional depositions when a simple total hourly limit would prevent the need for additional court involvement in discovery issues.  As such, Plaintiffs propose the following:

- Each side is limited to a total of 150 hours of depositions.  This 150 hour limit does not include depositions of 30(b)(6) witnesses.

- Subject to the overall 150 hour limit, there is no limitation on the number of depositions Plaintiffs may take of Intel employees in their personal capacity.

- Plaintiffs may collectively serve no more than two 30(b)(6) notices on Intel with a limit of 20 hours in the aggregate for the witness or witnesses produced by Defendant in response to such notices.

- Intel may take one deposition of each of the plaintiffs (the parties to the lawsuit).

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN — 5

Plaintiffs note for this Court's edification, Intel has entered into similar hourly deposition limits for single patent cases in the United States District Court for the District of Delaware. These cases include:  Cause No.:  1:15-cv-00033; *AVM Technologies, LLC v. Intel Corporation* and Cause No.:  1:10-cv-00610; *AVM Technologies, LLC v. Intel Corporation*.  In other multi-patent cases, Intel has regularly entered into hourly limits for depositions.  For instance, in Cause No.: 3:15-cv-00262; *Memory Integrity, LLC v. Intel Corporation* (in the United States District Court for the District of Oregon), Intel proposed an hourly limit on depositions as well.

Plaintiffs additionally propose that should the parties have good cause for additional deposition discovery, the parties will attempt to work this out between the two sides and may do so without the need for participation by this Court.  In the event an agreement cannot be reached, the party seeking additional discovery may seek leave of this Court to do so.

**Defendant's Proposed Discovery Limitations and Procedures:**

The only discovery limitation that the parties dispute is the number of depositions for each side.  Intel proposes the specific deposition limits set forth in the Federal Rules of Civil Procedure: *i.e.*, each side can take ten fact depositions.  Plaintiffs propose that (i) each side can take 150 hours of depositions (i.e., over 21 depositions); (ii) Plaintiffs may also serve "two 30(b)(6) notices on Intel with a limit of 20 hours in the aggregate"; and (iii) "Intel may take one deposition of each of the plaintiffs."

This is a straightforward patent infringement case involving only one asserted patent (which includes only a single independent claim), and just one feature of Intel's microprocessors —Intel's "Fully Integrated Voltage Regulator" (FIVR) technology—that was developed by a discrete team within Intel.  Intel's proposal for ten depositions per side is consistent with the Federal Rules and more than sufficient in a one patent, one defendant case involving one product

feature. *See Thykkuttathil v. Keese,* 294 F.R.D. 597, 599 (W.D. Wash. 2013) (denying request for more than ten depositions per side and observing that the Federal Rules are "unambiguous in presumptively limiting the number of allowed depositions to ten per side" and the "ten-per-side limit is intended to promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery").[1]  If, after taking their ten depositions, Plaintiffs can show a need for additional depositions, they can seek a stipulation with Intel or seek leave from the Court.  *See Authentec, Inc. v. Atrua Techs., Inc.,* 2008 WL 5120767, at *2 (N.D. Cal. Dec. 4, 2008) (denying request for 24 total depositions in patent case "with one plaintiff and one defendant, and counterclaims" because requestor failed to make a particularized showing of need;  "[h]aving taken not a single deposition to date, Atrua cannot possibly know what information it needs but cannot obtain from its 10 permitted depositions").  Indeed, confirming there is no plausible justification for such a high number of depositions, Plaintiffs themselves proposed only 10 depositions per side in their initial proposed Joint Rule 26(f) report to Intel.

Moreover, this limitation is consistent with the deposition limits adopted in other cases in this District involving Intel's technology.  *See Memory Integrity, LLC v. Intel Corp.*, No. 3:15-cv-00262-SI, Dkt. 23 at 9-10 (D. Or. Sept 22, 2014).  In a case involving four different patents and four different complex accused functionalities, Judge Simon limited each side to 100 hours of depositions.  *Id.*  Intel's proposal of 10 depositions per side would amount to roughly 70 hours of

---

[1]     Plaintiffs assert that they have identified "more than a dozen" Intel employees they want to depose (although they have not disclosed the identities of those employees to Intel).  Even if taken at face value, identifying more than a dozen potential deponents would not justify plaintiffs' demand to take 150 hours of depositions (i.e., over 21 depositions).  Moreover, courts have made clear that parties cannot "depos[e] everyone" that could potentially have relevant information.  *See Martensen v. Koch*, 2013 WL 11316743, at *1 (N.D. Cal. June 19, 2013) (internal quotation marks and citation omitted).

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN — 7

deposition time—just 30 hours fewer than the *Memory Integrity* case that involved three more patents and three more accused functionalities than are at issue here.  Plaintiffs' proposal of 150 hours of depositions per side would be 50 percent more than the amount permitted in *Memory Integrity*.

**3.      Case Schedule**

The parties are not in agreement regarding a proposed case schedule.  Both sides seek a schedule that they feel will allow sufficient time for the ordered discovery, planning, and briefing of threshold patent claim construction issues, followed by expert reports, motions practice, and pre-trial and trial matters. Additionally, both proposed schedules are structured to have certain events triggered by the Court's scheduling of a *Markman* claim construction hearing and issuance of a *Markman* order in due course.

**<u>Plaintiffs' Proposed Case Schedule</u>**

The parties have agreed on deadlines for all events following a claim construction hearing, but differ widely as to deadlines for the parties in regard to events preceding the claim construction hearing.

<u>Plaintiffs' Proposed Schedule is Logical and Prevents Delay</u>

Initially, Plaintiffs' proposed schedule requires the parties to exchange disclosures and for the Defendant to produce Core Technical Documents as defined below.  Given that the parties have exchanged initial discovery, this logical step will allow for the parties to move to the next step – an early disclosure sequence by which Plaintiffs will disclose asserted claims and infringement contentions, followed by Defendants' disclosure of non-infringement and invalidity contentions.  This initial sequence logically allows both parties to evaluate their respective positions in this matter and determine what discovery will be needed from fact witnesses.

After the contentions by both parties have been disclosed, Plaintiffs' proposed schedule then has a pleading deadline for both parties. This is also logical sequence to allow the parties to amend their pleadings after contentions, but to avoid any party delaying proceedings through amendments corresponding with a late pleading deadline.

Next in Plaintiffs' proposed schedule is the sequence by which the parties will propose claim terms for construction, support their constructions, serve expert reports, and work toward submitting claim construction briefs—all of this culminating in the claim construction hearing.

All of the deadlines proposed by Plaintiffs in their proposed schedule are designed to properly (and sequentially) work through the issues raised by both sides in their pleadings and to avoid gamesmanship by either side.

<u>Defendant's Proposed Schedule is Skewed to Favor Defendant and Allows for Delay</u>

Defendant's proposed schedule stands in strong contrast to Plaintiffs'. Defendant proposes to have the parties work through claim term construction (and while proposing to limit each side to only 10 terms) before Defendant ever has to produce Core Technical Documents and before either side discloses infringement or invalidity/non-infringement contentions. Additionally, Defendant's proposed schedule gives Defendant the ability to wait and disclose invalidity/non-infringement contentions until after all expert depositions and claim construction briefs have been completed. Lastly, Defendant's proposed schedule has a late pleadings deadline that occurs after all claim construction discovery has occurred.

Defendant's schedule is untenable and undoubtedly geared toward a process whereby Defendant looks to lock in a small number of claim terms in an effort to limit Plaintiffs' ability (and avoid Defendant's participation) in the discovery process. Further, having a pleading deadline after the conclusion of all claim construction discovery is a recipe for potential delay

insofar as it allows Defendant to raise new issues through pleading amendments following claim construction and force the potential injection of delay to this matter.

One last minor point in regard to Defendant's proposed schedule is that Plaintiffs do not agree to any attempt by Defendant to define what does and what does not constitute "good cause" in regard to amending any sort of contention or pleading.  This Court is in the best position to make that determination.

Local Rules in Washington May Provide Guidance

Where not inconsistent with the items described, Plaintiffs propose that the Court look to the Local Patent Rules of the United States District Court for the Western District of Washington to provide guidance regarding the content and scope of the disclosures and contentions specified herein.

Core Technical Documents Sought

With regard to the term "Core Technical Documents" listed below, these Core Technical Documents include, for the FIVR components of each accused product, product brochures; micro-architectural specifications; circuit schematics, including names/identifiers for each circuit and signal; signal naming convention documents to the extent such documents exist; performance verification data from previously performed simulations to the extent it exists; and calibration information as it relates to current sensing, load line, voltage setting, and the effects of temperature regarding the same, and including identification of configuration and calibration parameters as well as information regarding the storage or recording of the same.  The schematics shall be produced in a format such that they can be reviewed and analyzed, including the ability to drill down and locate specific circuits and signal paths of schematics.  The producing party will

provide tools sufficient to allow review and analysis of schematics.  The parties will confer concerning what if any additional technical documents should be produced.

| EVENT | DEADLINE |
|---|---|
| Fed. R. Civ. P. 26(a) Initial Disclosures (including key design documents, overview documents, or Core Technical Documents sufficient to show operation of accused products – subject to entry of protective order) | Friday, June 15, 2018 |
| Disclosure of Asserted Claims, Infringement Contentions (Claim Charts), and Production of Patent Prosecution Histories | Friday, August 17, 2018 |
| Disclosure of Non-Infringement and Invalidity/Unenforceability Contentions (Claim Charts) and Production of Prior Art | Friday, September 21, 2018 |
| Deadline to amend pleadings to add claims, defenses, or parties; simultaneous service of parties' Proposed Lists of Claim Terms for Construction | Friday, October 19, 2018 |
| Service of Proposed Constructions and Citations to All Intrinsic and Extrinsic Evidence Supporting each proposed construction; simultaneous service of all extrinsic evidence, including any opening *Markman* expert reports | Friday, November 16, 2018 |
| Service of any Rebuttal *Markman* Expert Reports | Friday, December 14, 2018 |
| Deadline to File Joint Claim Construction Chart (incorporating both parties' proposed constructions and supporting citations to intrinsic and extrinsic evidence) | Friday, January 18, 2019 |
| Completion of Claim Construction Discovery and Depositions | Friday, February 15, 2019 |
| Simultaneous Opening Claim Construction Briefs | Friday, March 15, 2019 |
| Simultaneous Responding Claim Construction Briefs | Friday, April 12, 2019 |
| Claim Construction Hearing | t/b/d by Court |

| EVENT | DEADLINE |
|---|---|
| Claim Construction Ruling Issued | t/b/d by Court |
| Amendment to Disclosure of Asserted Claims, Infringement/Non-Infringement Contentions, and Invalidity/Unenforceability Contentions with Supplemental Document Production (if any)<br><br>*(May be served without leave of Court only if prompted by good faith change in light of claim construction ruling different from that sought by amending party; any other amendment or amendment at another time requires leave of Court upon good cause.)* | 4 weeks after Claim Construction Ruling |
| Parties meet-and-confer and then jointly contact the Court to set a scheduling conference to schedule all pretrial deadlines and the trial date | w/in 1 month of Claim Construction Ruling |
| Close of Fact Discovery;<br>Deadline to File Discovery Motions re Fact Discovery | 3 months after Claim Construction Ruling |
| Deadline for Counsel to Confer re Method and Timing of ADR Procedures and File Joint ADR Report | 3 months after Claim Construction Ruling |
| Disclosure of Reliance Upon Advice of Counsel Defense | 3 months after Claim Construction Ruling |
| Opening Technical and Damages Expert Reports<br>(Fed. R. Civ. P.26(a)(2)(A)-(C)) | 5 months after Claim Construction Ruling |
| Rebuttal Technical and Damages Expert Reports<br>(Fed. R. Civ. P. 26(a)(2)(D)(ii)) | 7 months after Claim Construction Ruling |

| EVENT | DEADLINE |
|---|---|
| Close of Expert and Advice of Counsel Discovery; Deadline to File Any Motions Relating to Expert Discovery | 8.5 months after Claim Construction Ruling |
| Deadline to File Any Dispositive Motions | 9.5 months after Claim Construction Ruling |
| Deadline to Complete ADR Procedures as Agreed in Joint ADR Report | 9.5 months after Claim Construction Ruling |
| Pretrial Conference, Pretrial Filings, and Trial Date | To be scheduled after Claim Construction Ruling<br><br>*(Parties meet-and- confer and then contact the Court within 1 month after Claim Construction Ruling to request scheduling conference)* |

**Defendant's Proposed Case Schedule**

The parties' dispute regarding the case schedule centers on the timing of (1) claim construction exchanges and briefing; and (2) infringement and invalidity contentions.

As set forth in Intel's Opposition to Plaintiffs' Motion to Dismiss, there are fundamental differences between the asserted '944 patent and Intel's FIVR technology. Intel submits that this is a case that can and should be resolved on summary judgment of non-infringement. Consistent

with this, Intel submits a proposed schedule for claim construction and contentions that would allow for an earlier and more efficient resolution of this matter.

1.    ***Timing of Claim Construction***

Intel proposes the exchange of terms for claim construction on July 13, 2018, the exchange of proposed claim constructions on August 10, 2018, and the completion of claim construction briefing by November 21, 2018.  Plaintiffs do not propose the completion of claim construction briefing until April 12, 2019—more than ***ten months*** from now.

- Intel's proposed schedule allows for more than sufficient time for claim construction. This is a one patent case with just one independent claim, so there should be relatively few claim construction issues to be addressed.  Intel's proposal to exchange proposed claim constructions before the completion of Intel's technical document production is also consistent with Federal Circuit law, which holds that claims are to be construed based on the patent claims, specification, and prosecution history.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-17 (Fed. Cir. 2005) (en banc).  The operation of Intel's products is not relevant to the meaning of the terms of the '944 patent.

- Intel's claim construction proposal will help to narrow the dispute earlier in the case and may lead to a quicker resolution.  Intel does not infringe under any plausible construction of the asserted claims, but claim construction disputes often need to be resolved prior to summary judgment.  Intel's proposal will permit claim construction to be completed earlier and will allow for the potential early resolution of the case.  *See Lexos Media IP, LLC v. APMEX, Inc.*, 2017 WL 1021366, at *1 (E.D. Tex. Mar. 16, 2017) ("[E]arly claim construction would assist the parties in narrowing or potentially resolving their dispute."); *MyMedical Records, Inc. v. Walgreen Co.*, 2014 WL 2931695, at *2 (C.D. Cal. June 27,

2014) (claim construction will allow parties to "substantially narrow the number of asserted claims and prior-art references").

- Intel's proposed schedule will make discovery more efficient. By allowing the parties to take discovery knowing the claim constructions proposed by the other side, the parties can focus discovery on disputed issues, rather than wasting time and resources on issues that are ultimately not disputed. *See MyMedical Records*, 2014 WL 2931695, at *2 (declining to "burden the parties with the expense of further investigation into … cited prior art until the issues of the case are better crystalized by claim construction"); *Manual for Complex Litigation (Fourth)* § 33.223, Federal Judicial Center (2004) (Claim construction "allows the court and the parties to narrow the issues and, in some cases, provides an opportunity to focus discovery….").

Plaintiffs propose the identification of claim terms on October 19, 2018, the exchange of proposed constructions on November 16, 2018, and the completion of claim construction briefing on April 12, 2019. Claim terms are construed based on the claims, specification, and file history—there is no need to wait ten months to complete claim construction briefing. Further, Plaintiffs' schedule does not require the exchange of proposed claim constructions until after the parties submit infringement and invalidity contentions. This would force the parties to draft a first set of contentions that do not address the constructions proposed by other side, followed by a second set of contentions that do. It is far more efficient to exchange proposed claim constructions before contentions (as Intel proposes), so that the parties can address the other side's proposed constructions in their contentions.[2]

---

[2]    Plaintiffs also propose to have *Markman* expert declarations due four months before opening *Markman* briefs. This is illogical and inefficient. The parties would have to submit declarations months before

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN — 15

### 2.    *Timing of Infringement and Invalidity Contentions*

Intel proposes final infringement contentions on October 26, 2018, and final invalidity contentions on December 26, 2018.  Intel's schedule allows amendments to contentions to address information not available when the contentions were submitted—for example, amendments to address claim constructions adopted by the Court but not proposed by either party.  Plaintiffs propose multiple rounds of infringement contentions that would allow plaintiffs to repeatedly shift their infringement arguments throughout the case and result in another **ten months** of potentially unnecessary and wasteful discovery before final contentions.  Intel's schedule allows the parties sufficient time to prepare contentions while also streamlining the case.

- Intel's proposal allows the parties to know earlier in the case what infringement and validity issues are in dispute.  This will avoid unnecessary discovery and facilitate early resolution.

- Intel's proposal prevents a "shifting sands" approach to contentions that allows Plaintiffs to repeatedly change their arguments as the case proceeds.  Courts have repeatedly recognized that it is fundamentally unfair to allow plaintiffs to adjust their infringement theories throughout the case—plaintiffs' case should not be a moving target.  *See Richtek Tech. Corp. v. uPI Semiconductor Corp.*, 2016 WL 4269095, at *1 (N.D. Cal. Aug. 15, 2016) (denying motion to amend infringement contentions and noting that "increased scrutiny applied to requests to amend infringement contentions as compared to requests to amend other pleadings is to prevent a 'shifting sands' approach to patent litigation"); *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *5 (N.D. Cal. Apr. 25, 2006) (denying

---

their claim construction arguments are finalized or they have identified all the issues that require expert analysis.  It would be far more efficient to serve expert declarations with opening *Markman* briefs, as is typical in patent cases and as Intel proposes.

motion for leave to amend where "delay suggests that the omission of [infringement]

contentions ... were not 'errors,' but were instead a deliberate strategic course which

plaintiffs now wish to change").

- Intel's proposal gives the Plaintiffs more than enough time to finalize their contentions.

  Plaintiffs filed suit in February 2018 and were required at the time to have a Rule 11

  basis to allege infringement.  Under Intel's proposed schedule, Plaintiffs would have

  eight months from the filing of the Complaint (until October 26, 2018) to submit their

  infringement contentions.  Further, Intel has proposed to complete the production of

  technical documents sufficient to show the relevant functionality of FIVR no later than

  August 31, 2018—two months before Intel's proposed deadline for infringement

  contentions.

Plaintiffs' proposal for infringement contentions would lead to multiple, inefficient rounds

of contentions.  Plaintiffs' schedule includes a first round of infringement contentions on August

17, 2018,[3] a second round four weeks after the Court's claim construction ruling (which would not

be earlier than April 2019), ***unlimited amendments*** between the two rounds, and the possibility of

additional amendments after the second round for undefined "good cause."  This would allow

Plaintiffs to repeatedly shift their infringement theories during the case.  Indeed, by April 12, 2019

---

[3]    Plaintiffs propose an impossible schedule for the production of technical documents—June 15, 2018
(just 9 days from now)—in advance of this first round of contentions.  The documents that Plaintiffs
have requested—including net lists, hardware describe language files (i.e. "HDL"), circuit schematics,
configuration data files, and firmware—are highly sensitive and confidential and are subject to Intel's
highest security restrictions.  It can take months, not days, to access, collect, and produce these
materials, which must be transferred to a secure, stand-alone machine customized to allow access.
Further, given the sensitivity of these documents, there should be an entered Protective Order that
governs access to these documents before they are produced.   Intel has proposed a Protective Order
with specific provisions to protect the confidentiality and accessibility of these sensitive technical
documents, but Plaintiffs have to date rejected these provisions.

(Plaintiffs' proposed date for the completion of claim construction briefing), *ten months from now*, Plaintiffs still would not have submitted final contentions. Plaintiffs' proposal would allow for precisely the type of "shifting sands" approach to contentions that courts have sought to avoid.[4]

### 3. *Intel's Proposed Case Schedule*

| EVENT | DEADLINE |
|---|---|
| Fed. R. Civ. P. 26(a) Initial Disclosures | Friday, June 15, 2018 |
| Disclosure of Asserted Claims and Production of Patent Prosecution History | Friday, June 22, 2018 |
| Simultaneous Service of Parties' Proposed Lists of Claim Terms for Construction (no more than 10 terms per side) | Friday, July 13, 2018 |
| Service of Proposed Constructions and Citations to All Intrinsic and Extrinsic Evidence Supporting each proposed construction; simultaneous service of all extrinsic evidence | Friday, August 10, 2018 |
| Deadline to File Joint Claim Construction Chart (incorporating both parties' proposed constructions and supporting citations to intrinsic and extrinsic evidence) | Friday, August 17, 2018 |
| Deadline for Defendant to Produce Core Technical Documents Sufficient to Show Operation of Accused Products, and Plaintiffs to Produce Documents Relating to the Asserted Patent, the Conception and Reduction to Practice of the Claimed Invention, and the Plaintiffs' Infringement Allegations | Friday, August 31, 2018 |
| Simultaneous Opening Claim Construction Briefs, including any *Markman* expert declarations | Friday, September 28, 2018 |
| Disclosure of Infringement Contentions (Claim Charts) *(Infringement contentions will be final; any amendment requires leave of Court upon a showing of good cause, but the parties agree that good cause to amend does not exist where the amending party to seeks* | Friday, October 26, 2018 |

---

[4] Plaintiffs' proposal also requires Intel to submit "non-infringement contentions" but does not require Plaintiffs to submit validity contentions. There is no basis for Plaintiffs' one-sided proposal. *See* N.D. Cal. Patent Local Rules (Jan. 17, 2017) (requiring infringement contentions but not non-infringement contentions); E.D. Tex. Patent Local Rules (May 24, 2016) (same); D. Del. Chief Judge Stark's Revised Procedures for Managing Patent Cases (non-ANDA) at 8-9 (June 18, 2014) (same); *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:17-cv-01781-HZ, Dkt. No. 40 (S.D. Cal. August 25, 2015) (same).

| EVENT | DEADLINE |
|---|---|
| *to amend to account for information that was available as of this deadline)* | |
| Completion of Any *Markman* Expert Depositions | Friday, October 26, 2018 |
| Simultaneous Responding Claim Construction Briefs | Wednesday, November 21, 2018 |
| Disclosure of Invalidity/Unenforceability Contentions (Claim Charts) and Production of Prior Art *(Invalidity/Unenforceability contentions will be final; any amendment requires leave of Court upon a showing of good cause, but the parties agree that good cause to amend does not exist where the amending party to seeks to amend to account for information that was available as of this deadline)* | Friday, December 21, 2018 |
| Deadline to amend pleadings to add claims, defenses, or parties | Friday, December 21, 2018 |
| Claim Construction Hearing | t/b/d by Court |
| Claim Construction Ruling Issued | t/b/d by Court |
| Parties meet-and-confer and then jointly contact the Court to set a scheduling conference to schedule all pretrial deadlines and the trial date | within 1 month of Claim Construction Ruling |
| Close of Fact Discovery; Deadline to File Discovery Motions re Fact Discovery | 3 months after Claim Construction Ruling |
| Deadline for Counsel to Confer re Method and Timing of ADR Procedures and File Joint ADR Report | 3 months after Claim Construction Ruling |
| Disclosure of Reliance Upon Advice of Counsel Defense | 3 months after Claim Construction Ruling |

| EVENT | DEADLINE |
|---|---|
| Opening Expert Reports on Issues for which a Party Bears the Burden of Proof<br>(Fed. R. Civ. P. 26(a)(2)(A)-(C)) | 5 months after Claim Construction Ruling |
| Rebuttal Expert Reports<br>(Fed. R. Civ. P. 26(a)(2)(D)(ii)) | 7 months after Claim Construction Ruling |
| Close of Expert and Advice of Counsel Discovery;<br>Deadline to File Any Motions Relating to Expert Discovery | 8.5 months after Claim Construction Ruling |
| Deadline to File Any Dispositive Motions | 9.5 months after Claim Construction Ruling |
| Deadline to Complete ADR Procedures as Agreed in Joint ADR Report | 9.5 months after Claim Construction Ruling |
| Pretrial Conference, Pretrial Filings, and Trial Date | To be scheduled after Claim Construction Ruling<br><br>(*Parties to meet-and-confer and then contact the Court within 1 month after Claim Construction Ruling to request scheduling conference*) |

DATED this 6th day of June, 2018.

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN — 20

Respectfully Submitted,


By:___*/s/ Howard L. Close*_____
Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN, LLP

Howard L. Close
Kathleen S. Rose
Ronald L. Flack, Jr.
WRIGHT CLOSE & BARGER, LLP

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES

Luke Motley IV
LAW OFFICES OF LUKE MOTLEY, IV PC

*Attorneys for Plaintiffs FEREYDUN TABAIAN and
AHMAD ASHRAFZADEH*


Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC

Michael J. Summersgill ((*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP

*Attorneys for Defendant and Counterclaim Plaintiff
INTEL CORPORATION*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being served on all counsel of record through the Court's

ECF system.

*/s/ Kathleen S. Rose*
Kathleen S. Rose