Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T: 503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Patrick B. McAndrew, Texas Bar No. 24042596
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
P: 713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
mcandrew@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**PLAINTIFFS' REPLY BRIEF WITHDRAWING RULE 12(B)(6) MOTION** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T:  713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T:  903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

# PLAINTIFFS' REPLY BRIEF WITHDRAWING RULE 12(B)(6) MOTION

Plaintiffs respectfully file this Reply in support of their Fed. R. Civ. P. 12(b)(6) motion (ECF 35) and in reply to Intel Corporation's opposition (ECF 40). Plaintiffs make the following points:

*First*, Intel's opposition clarifies various allegations in their Counterclaims—an explanation that was is not contained in the counterclaim pleading itself, which was wholly conclusory.

*Second,* Intel's opposition repeatedly emphasizes that it will set forth more details in its patent contentions and that Plaintiffs' motion should be denied for that reason. In light of these arguments, Plaintiffs trust that Intel will provide detailed invalidity contentions. Plaintiffs also respectfully request that Intel be required to provide non-infringement contentions—as required by the Patent Rules of the Western District of Washington—and will be raising that issue at the June 27 scheduling conference.

*Third,* Intel's opposition essentially concedes that it must produce the details of its non-infringement theory in response to discovery requests. For example, Intel states:

> … Plaintiffs can obtain the details of a defendant's non-infringement defenses during discovery. *See Hand Held Prod., Inc. v. Code Corp.*, No. CV 17-167-RMG, 2017 WL 2537235, at *3 (D.S.C. June 9, 2017) … ; *Nouis*, 2015 WL 3407862 at *3 ("[Plaintiff] is entitled to know [defendant's] non-infringement theory. But [Plaintiff] has better means of getting at that theory than … a motion for a more definite statement. [Plaintiff] can get what it needs … through contention interrogatories."). Indeed, Plaintiffs in this case have already submitted interrogatories and document requests seeking facts supporting Intel's non-infringement defenses. Ex. 3 (Plaintiffs' First Request for Interrogatory to Defendant Intel Corporation) at 6; Ex. 4 (Plaintiffs' First Request for Production to Defendant Intel Corporation) at 7. ECF 40, p. 7.

Plaintiffs will hold Intel to its word. Plaintiffs have served targeted specific

discovery, seeking facts supporting Intel's non-infringement defense and counterclaim. For example, "Interrogatory No. 1: Identify the schematics and other design documents that Intel contends support its non-infringement allegations and denials in its Answer and Counterclaim and describe how the documents support its allegations."

Plaintiffs also served several document requests directed at infringement and Intel's non-infringement defense and counterclaim, such as:

- Request for Production No. 1: Any and all schematics and other design documents relevant to infringement including documents relevant to Defendant's counterclaim for non-infringement.

- Request for Production No. 2: Any and all schematics and other design documents identified in Interrogatory No. 1.

Plaintiffs are obviously entitled to this information, as Intel has conceded in its opposition. Given Intel's arguments above, Plaintiffs understand that Intel will fully answer this discovery and promptly produce all responsive, non-privileged documents.

In light of all of the above points, Plaintiffs respectfully withdraw as moot ECF 35, their Rule 12(b)(6) Motion to Dismiss Intel's Counterclaims.

DATED this 22nd day of June, 2018.

> Respectfully Submitted,
>
> By: */s/ Howard L. Close*
> Jeffrey S. Love, OSB No. 873987
> John D. Vandenberg, OSB No. 893755
> Mark W. Wilson, OSB No. 091596
> KLARQUIST SPARKMAN, LLP

>Howard L. Close
>Kathleen S. Rose
>Patrick B. McAndrew
>Ronald L. Flack, Jr.
>WRIGHT CLOSE & BARGER, LLP
>
>Richard N. Laminack
>LAMINACK, PIRTLE & MARTINES
>
>Luke Motley IV
>LAW OFFICES OF LUKE MOTLEY, IV PC
>
>**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that this document is being served on all counsel of record through the Court's ECF system on June 22nd, 2018.

>*/s/ Kathleen S. Rose*
>Kathleen S. Rose