Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
P:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Patrick B. McAndrew, Texas Bar No. 24042596
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
P:  713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
mcandrew@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**PLAINTIFFS' ORIGINAL ANSWER TO INTEL'S COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T: 713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T: 903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

# PLAINTIFFS' ORIGINAL ANSWER TO INTEL'S COUNTERCLAIM

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh ("Plaintiffs") answer the allegations of defendant/counter-plaintiff Intel Corporation ("Intel"), as set forth in Intel's Counterclaims to Complaint for Patent Infringement ("Counterclaim") filed on April 16, 2018. The paragraph numbers in this Answer correspond to the numbered paragraphs in the Counterclaim. All allegations of the Counterclaim not expressly admitted in this Answer are denied.

## PARTIES AND JURISDICTION

99. Plaintiffs admit the allegation in paragraph 99 that Intel has alleged "counterclaims for declarations of non-infringement and invalidity of one or more claims of the '944 patent," but Plaintiffs deny that Intel's counterclaims have any merit.

100. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of this allegation.

101. Plaintiffs admit the allegation in paragraph 101 that: "Counterclaim Defendants Fereydun Tabaian and Ahmad Ashrafzadeh allege in their Complaint that they are residents of the State of California."

102. No response is required to paragraph 102, as the allegations are legal conclusions. If any response is required, Plaintiffs admit that Intel has alleged "an action for declaratory judgment under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202," but deny that Intel's

counterclaims have any merit. The remaining allegations are legal conclusions to which no response is required.

## COUNT I – NON-INFRINGEMENT OF THE '944 PATENT

103. Plaintiffs admit the allegation in paragraph 103 that: "Plaintiffs have sued Intel claiming that they are the owners of the '944 patent and accusing Intel of infringing the '944 patent." Plaintiffs also admit the statements in paragraph 103 that: "Intel denies that it infringes the '944 patent, that the '944 parent is valid, and that the '944 patent is enforceable against Intel"—though Plaintiffs dispute this allegation. The remainder of paragraph 103 is a legal conclusion, to which no response is required.

104. Plaintiffs admit the allegations in paragraph 104.

105. Plaintiffs deny the following allegation in paragraph 105: "Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '944 patent." Plaintiffs also deny the following statement in paragraph 105:

> Intel's accused products do not include many elements required by the asserted claims of the '944 patent. For example, Intel's accused products do not include, among other things, the required "calibration control circuit," "sense outputs," "droop outputs," "temperature input," "load voltage input," "nonvolatile memory" that stores "calibration data," or "calibration control circuit" that interfaces with nonvolatile memory to store "calibration data," and they do not use temperature data "to adjust said sense outputs and said droop outputs" or interface with a temperature input and load voltage input to calibrate "calibration data" stored in nonvolatile memory, as required by the '944 patent.

No response is required to the remainder of paragraph 105, as the allegations are legal conclusions.

106. Plaintiffs admit the allegations in paragraph 106 that: "Intel <u>desires</u> a judicial determination and declaration of the respective rights and duties of the parties herein" (emphasis added)—but Plaintiffs deny that Intel is entitled to the relief requested. No response is required to the remainder of this paragraph, and the allegations are legal conclusions.

107. Plaintiffs deny the allegations in paragraph 107.

## COUNT II – INVALIDITY OF THE '944 PATENT

108. Plaintiffs respond to the incorporated paragraphs as set forth above.

109. No response is required to the first sentence of paragraph 109, and Plaintiffs deny that Intel's counterclaim for (alleged) invalidity has any merit. Plaintiffs otherwise deny all allegations in paragraph 109.

110. Plaintiffs admit the statement in paragraph 110 that "Plaintiffs contend that the '944 patent is valid and enforceable." Plaintiffs otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 110, and therefore deny them.

111. Plaintiffs admit that "Intel <u>desires</u> a judicial determination and declaration of the respective rights and duties of the parties herein" (emphasis added)—but Plaintiffs deny that Intel is entitled to the judicial determinations, declarations, and other relief sought. No response is required to the other allegations in paragraph 111, and the allegations are legal conclusions.

112. Plaintiffs deny the allegations in paragraph 112.

## DEMAND FOR JURY TRIAL

This paragraph is a demand for a jury trial, to which no response is required. To the extent an answer is required, Plaintiffs admit that Intel has demanded a jury.

## PRAYER FOR RELIEF

This paragraph is a Prayer for Relief, to which no response is required. If an answer is required, Plaintiffs deny that Intel is entitled to the relief requested or any other relief.

## <u>RESERVATION OF ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES</u>

Plaintiffs reserve any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered and/or are based on a change in law.

DATED this 22nd day of June, 2018.

Respectfully Submitted,

By: */s/ Howard L. Close*
Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN, LLP

Howard L. Close
Kathleen S. Rose
Patrick B. McAndrew
Ronald L. Flack, Jr.
WRIGHT CLOSE & BARGER, LLP

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES

Luke Motley IV
LAW OFFICES OF LUKE MOTLEY, IV PC

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

    I certify that this document is being served on all counsel of record through the Court's ECF system, this 22nd day of June, 2018.

*/s/ Kathleen S. Rose*
Kathleen S. Rose