Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

Michael J. Summersgill (*pro hac vice*)
Jordan L. Hirsch (pro hac vice)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **FEREYDUN TABAIAN and AHMAD ASHRAFZADEH**, <br><br> Plaintiffs, <br><br> v. <br><br> **INTEL CORPORATION,** <br><br> Defendant. | Case No.: 3:18-cv-326-HZ <br><br> **INTEL CORPORATION'S MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD** |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7-1(a), counsel for Defendant Intel Corporation ("Intel") certify that they conferred with counsel for Plaintiffs via email on July 16, 2018, and Plaintiffs do not oppose this motion.

**I.     INTRODUCTION**

Plaintiffs in this case allege infringement of U.S. Patent No. 7,027,944 (the "'944 patent"). The '944 patent lists four inventors: Fereydun Tabaian, Ahmad Ashrafzadeh, S. Ali Hejazi, and S. Hamed Sadati. Messrs. Tabaian and Ashrafzadeh are the plaintiffs in the case. Inventors Hejazi and Sadati are not parties to this case. They both reside in the United Kingdom and are not represented by Plaintiffs' counsel. Accordingly, in order to obtain testimony and documents for use at trial from inventors Hejazi and Sadati, Intel must proceed through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231. Intel respectfully requests that, pursuant to the Hague Convention, the Court issue a Letter of Request for International Judicial Assistance ("Letter of Request") to the Central Authority of England and Wales (attached here as Exhibit 1) directing Messrs. Hejazi and Sadati to appear for deposition in the United Kingdom and to produce documents relevant to this litigation.

## II. ARGUMENT

Intel's request for issuance of the Letter of Request to the Central Authority of England and Wales is proper because: (1) the information that Intel seeks from Messrs. Hejazi and Sadati is relevant to this case; and (2) Intel's requests comply with the requirements of English law.

### A. Intel Seeks Relevant Information from Messrs. Hejazi and Sadati

It is standard in patent infringement cases to depose and obtain discovery from the named inventors of the asserted patent. Testimony from named inventors is relevant to, among other things, the conception and reduction to practice of the alleged invention, the alleged novelty of the claimed invention over the prior art, the prosecution of the application that led to the issuance of the patent, the scope of the alleged invention claimed in the patent, and the worth of the patent. *See Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. 11-05973, 2012 WL 5943105, at *2 (N.D. Cal. Nov. 27, 2012) (inventor's testimony is relevant to "at least the issues of the written description, enablement, inequitable conduct, novelty, obviousness, and damages"); *Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.*, No. 06-1446, 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) (testimony of inventor residing abroad is "relevant to the instant litigation and the plaintiff's claim of patent infringement"); *Abbott Labs. v. Impax Labs., Inc.*, No. 03-120, 2004 WL 1622223, at *2 (D. Del. July 15, 2004) (testimony of named inventor is "par for the course in any patent litigation.").

Intel has narrowly tailored the Letter of Request to seek information that is relevant to the litigation. The topics for deposition (listed in Schedule B of the Letter of Request) and the requested documents (listed in Schedule A) are relevant to the parties' claims and defenses. For example, Intel seeks testimony relevant to the development, scope, and alleged use of the alleged invention (*see* Schedule B topics 1-8, 14, 16-17), any alleged novelty of the claimed invention

Page 2 – **INTEL CORPORATION'S MOTION TO ISSUE LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

(*id.* topics 3-6, 15), the worth of the alleged invention and amounts paid to transfer and license the patent (*id.* topics 10-13, 19), any discussions with Intel regarding the asserted patent (*id.* topic 9), and discussions regarding this litigation (*id.* topic 18).

### B. Intel's Requests Comply with English Law

Intel's requests for documents and testimony also comply with the requirements of English law. English courts have required requests for documents to seek particular documents likely to be in the witness's possession. (Exhibit 2, The Evidence (Procedure in Other Jurisdictions) Act 1975; Exhibit 3, *In re Asbestos Insurance Coverage Cases* [1985] 1 WLR 331). English courts have also held that Letters of Request will not be granted for purely "investigatory" purposes and should instead seek documents that will be relevant for use at trial. (Exhibit 4, *Allergan v Amazon Medica* [2018] EWHC 307 (QB)). Intel's requests for documents meet these standards.

Intel seeks only two categories of documents from inventors Hejazi and Sadati. First, Intel seeks documents relating to conception and reduction to practice of the invention claimed in the '944 patent. This includes laboratory notebooks, inventor notes, and memoranda that record the development of the alleged invention. These documents are relevant to show what inventors Hejazi and Sadati conceived, the scope of their alleged invention, and the dates of conception and reduction to practice. As named inventors on the patent, Messrs. Hejazi and Sadati can be expected to have these documents. Second, Intel seeks documents relating to the ownership of the '944 patent, including any assignments, transfers, or licenses of the '944 patent. These documents are relevant to the worth and value of the alleged invention. Both Messrs. Hejazi and Sadati appear to have assigned their interest in the '944 patent and thus can be expected to have these materials.

Page 3 – **INTEL CORPORATION'S MOTION TO ISSUE LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

Intel also has structured the topics of examination of Messrs. Hejazi and Sadati to comply with English law. As set forth above, each of the topics on which Intel seeks to examine Messrs. Hejazi and Sadati is relevant to the parties' claims and defense in this case. *See supra* page 3. Intel seeks to examine Messrs. Hejazi and Sadati by September 2018 and no later than November 2018. This schedule is appropriate because claim construction discovery must be completed by December 5, 2018. *See* Dkt. 51. It is standard in patent cases to depose inventors of the asserted patent before the completion of claim construction briefing so the parties can include evidence and testimony from the inventors in their claim construction arguments. Because the topics of examination are relevant to issues beyond claim construction, if it should prove impossible to schedule the examination in accordance with the timing set out above, Intel asks that the examination proceed as soon as possible. Intel also seeks to examine Messrs. Hejazi and Sadati for 7 hours each (with each examination to completed within one day). This is standard. *See* Fed. R. Civ. P. 30(d)(1). Finally, Intel has included in the Letter of Request a provision permitting cross-examination and leading questions during the examination of Messrs. Hejazi and Sadati. English cases and procedure provide that English courts may permit cross-examination and leading questions if requested by the court issuing the Letter of Request. (Exhibit 5, *Microtechnologies v Autonomy* [2017] EWHC 613 (QB); Exhibit 6, Civil Procedure Rules, Part 34 (Witnesses, Depositions, and Evidence for Foreign Courts)). Cross-examination and leading questions are typical in this jurisdiction during the examination of the inventors of an asserted patent and should be permitted during examination of the inventors in the United Kingdom.

### III.    CONCLUSION

Page 4 – **INTEL CORPORATION'S MOTION TO ISSUE LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD**

For the foregoing reasons, Intel respectfully requests that the Court issue the accompanying Letter of Request to the Senior Master of the Queen's Bench Division, Royal Courts of Justice (England and Wales).

DATED: July 16, 2018

Respectfully submitted,

/s/ Renée E. Rothauge
Renée E. Rothauge (OSB #903712)
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
(503) 295-3085
reneerothauge@markowitzherbold.com

Todd C. Zubler (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
todd.zubler@wilmerhale.com

Michael J. Summersgill (admitted *pro hac vice*)
Jordan L. Hirsch (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*