Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
TP:  713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| INTEL CORPORATION, | |
| Defendant. | |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T: 713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T: 903-892-9133
lmotley4@motleypc.com

Attorneys for FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

Michael J. Summersgill ((*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com

Attorneys for INTEL CORPORATION

## STIPULATED PROTECTIVE ORDER

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).  The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations of patent infringement and will likely include documents and testimony pertaining to Defendants' business actions and practices including, but not limited to, confidential and/or trade secret financial data, business information, source code, schematics, and microprocessor designs. The parties expect to exchange documents and information relating to the business actions and practices of both Plaintiffs and Defendant including, but not limited to, confidential and/or trade secret financial data, business information, source code, schematics, and microprocessor designs.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## A.    Definitions

1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

2.    "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by non-parties.

3.    "Producing Party": a Party or non-party that produces Material in this action.

4.    "Receiving Party": a Party that receives Material from a Producing Party.

5.    "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

6.      "Source Code": RTL, HDL, schematics, microcode, and similarly sensitive code design information.

7.      "CONFIDENTIAL Material": Material that the Designating Party believes in good faith is not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL will also be treated as CONFIDENTIAL Material.

8.      "ATTORNEYS' EYES ONLY Material": Material that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. This designation also includes Material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Copies, abstracts, compilations, summaries, and extracts of Materials designated as ATTORNEYS' EYES ONLY will also be treated as ATTORNEYS' EYES ONLY Material.

9.      "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material": Source Code and copies, abstracts, compilations, summaries, and extracts of Source Code.

10.     "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" and all copies, abstracts, compilations, summaries, and extracts of such Material.

11.     "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators,

legal secretaries, legal clerks, and shorthand reporters "Counsel of Record" does not include any person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

12.    "Litigation Manager": an employee in a Party's legal department or intellectual property division whose responsibilities include overseeing this litigation. Each Party may designate a maximum of three Litigation Managers. A Party may replace a designated Litigation Manager with a new Litigation Manager by serving the appropriate undertakings described in paragraph 17(b). The replaced Litigation Manager must then return all Designated Materials in his or her possession to the Party's Outside Counsel and will no longer have the rights of a Litigation Manager.

13.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

14.    "Professional Vendors": persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (e.g., photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, organizing or processing data) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

15.    "Relevant Technology": the design of integrated circuits, voltage regulators, or other circuits for regulating power in microprocessors or other integrated circuits.

## B.    Scope

16.    Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

## C.    Access to Designated Material

17.    <u>Access to CONFIDENTIAL Material</u>. Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a)    Any party to this action who is an individual, and employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A;

(b)    Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order" attached as Exhibit C;

(c)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(d)    Counsel of Record;

(e)    Outside Consultants, subject to the procedures set forth in Section D;

(f)    the Court and its personnel;

(g)    court reporters;

(h)    a mediator assigned to hear this matter, and his or her staff, who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A and the "Certification of Consultant" attached as Exhibit B; and

(i)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

18.    <u>Access to ATTORNEYS' EYES ONLY Material</u>. Only the persons identified in Paragraph 17(b)-(i) are permitted to have access to ATTORNEYS' EYES ONLY Material.

19.    <u>Access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material</u>. Only the persons identified in Paragraph 17(d)-(g) are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material. Absent consent of the Producing Party (which will not be unreasonably withheld), no more than 10 Counsel of Record and 5 Outside Consultants for a Receiving Party are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.

20.  <u>Acknowledgements to be Bound</u>. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound by Protective Order," the "Certification of Consultant," and/or the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving must retain each original executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

## D.  Disclosure to Outside Consultants

21.  <u>Notice</u>. Before disclosing another party's Designated Material to an Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant has testified (at trial or deposition) within the last seven years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant within the last seven years; and (f) a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B.

22.  <u>Objections</u>. The Designating Party will have fourteen calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that fourteen-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.

## E.  Inspection and Production of Source Code

23.  <u>The Secure Room</u>. A Party's Source Code will be made available for inspection in a secure room in computer searchable format on a stand-alone computer connected to a printer (that is, a computer not connected to a network or the Internet, and that is locked down so that additional peripheral devices cannot be connected to it) during regular business hours on reasonable notice, at a location in the United States selected by the Producing Party (the "Secure Room"). Before being admitted into the Secure Room, an individual must provide a photo identification card sanctioned by the government of a

state of the United States or by the national government of the individual's current citizenship.

24.    Review of Source Code. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. Written notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks. The Source Code may not be copied into the notes. Notwithstanding this provision, file name and location (*i.e.*, directory path), may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review to ensure compliance with these restrictions.

25.    Option to Produce Paper Copies Instead. At its discretion, a Producing Party can elect to produce Source Code in paper form rather than making it available for inspection on a stand-alone computer. Those paper documents will otherwise be subject to the restrictions applicable to OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material.

26.    Printing Portions of the Source Code. A Receiving Party is allowed to print paper copies of necessary, specific portions of the Source Code at the time of inspection. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. A Receiving Party is not entitled to print passages to facilitate review of the Source Code away from the Secure Room; the Source Code is to be reviewed and analyzed using the stand-alone computer. The Receiving Party is prohibited from removing the paper copies from the Secure Room.

27.    Delivery of Printouts. The Producing Party will collect any printed pages of the Source Code, and Bates number, copy, and label them "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." Within seven calendar days, the Producing Party must either (a) deliver three (3) copy sets of such pages to one or more offices of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. A reasonable request will be presumed to extend for no more than 25 contiguous pages and, for any one product, the total of all portions requested for printing may not exceed 150 pages for that product. These limits may be increased by agreement of the Parties or on a showing of need.

28.    Producing Party Log. The Producing Party may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Producing Party may also retain copies of any printed pages of the Source Code.

29.  <u>Maintenance of Printouts</u>. The copy sets of the Source Code must be kept at all times in the office(s) of Counsel of Record to which the Producing Party delivered them. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Except as explicitly permitted below, the Receiving Party is prohibited from making additional copies or scanning the printouts. Outside Consultants are prohibited from keeping copy sets.

30.  <u>Receiving Party Log</u>. The Receiving Party must maintain a log identifying each person who reviews the printouts, the date and time of the review, and the production number of the pages reviewed. The Receiving Party must provide the Producing Party with a copy of the log on two business days' notice, but no more than once per month absent a showing of good cause.

31.  <u>Use at Depositions and Hearings</u>. A Receiving Party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Producing Party's prior written consent. Absent such consent, the Receiving Party must provide the Producing Party with seven calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts.

32.  <u>Use in Filings</u>. A Receiving Party that wants to file or otherwise submit pages of Source Code in connection with a filing may, no earlier than 24 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party.

33.  <u>Use in Expert Reports and Discovery Documents</u>. To the extent it is necessary to reference Source Code in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but in no event may an excerpt exceed 25 lines of code. Documents containing excerpts must be designated "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

**F.    Prosecution and Development Bar**

34.  <u>Prosecution Bar</u>. Individuals associated with a Receiving Party (i.e., Counsel of Record, Litigation Managers, and Outside Consultants) who personally review any technical ATTORNEYS' EYES ONLY Material or OUTSIDE COUNSEL

RESTRICTED – SOURCE CODE Material are prohibited from participating in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue, except that the individual is prohibited from participating in the drafting of any claim or amendment to any claim.

35.    <u>Development Bar</u>. A Receiving Party's Outside Consultants who personally review any technical ATTORNEYS' EYES ONLY Material or OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material must execute the "Certification of Consultant" attached as Exhibit B in which they agree not to perform hardware, software or product development work for commercial purposes that is related to the Relevant Technology until one year following the final termination of this action (including any appeals).

## G.    Use of Designated Material

36.    <u>Use of Designated Material by a Receiving Party</u>. A Receiving Party is permitted to use Designated Material only for purposes of this action and is prohibited from disclosing Designated Material except in accordance with this Order.

37.    <u>Use of Designated Material by a Producing Party</u>. Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

38.    <u>Use of Designated Material at Depositions</u>. A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) present directors, officers, employees, designated Rule 30(6)(b) witnesses, and Outside Consultants of a Designating Party about any Designated Material of that Designating Party. A non-party may be examined about documents containing Designated Material that appear on their face or from other documents or testimony to have been received from or delivered to the non-party. Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

39.    <u>Filing Designated Material</u>. Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal in conformance with the Court's rules and procedures.

Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

40.    Transmittal of Designated Material. A Receiving Party will not transmit or transport Designated Material outside of the United States.

41.    Unauthorized Use or Disclosure. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## H.    Procedure for Designating Materials

42.    Designating Documents. For Material in documentary form (other than transcripts), the Designating Party must affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE" on each page that contains Designated Material.

43.    Designating Other Material. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

44.    Testimony and Transcripts. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript by informing the reporter and the Parties in writing of the applicable designations within thirty calendar days of completion of the certified transcript. The entire transcript of a deposition at which OUTSIDE COUNSEL RESTRICTED – SOURCE CODE Material was disclosed will be treated as OUTSIDE COUNSEL RESTRICTED – SOURCE CODE until the thirty-day period has expired. The entire transcript of all other depositions will be treated as ATTORNEYS' EYES ONLY until the thirty-day period has expired. Transcript pages identified by a Designating Party must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL

RESTRICTED – SOURCE CODE" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case.

45.    <u>Non-party Designations</u>. A non-party producing information or Material voluntarily or pursuant to a subpoena or court order may designate the information or Material in the same manner as a Party. A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

46.    <u>Challenges to Designations</u>. A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; it is not obligated to do so at the time the designation is made. Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court.

## I.    **Inadvertent Production**

47.    <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material. On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

48.    <u>No Waiver of Privilege</u>. Inspection or production of Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after becoming aware of an inadvertent or unintentional disclosure, the Producing Party designates the Material as privileged or immune from discovery. On request by the Producing Party, the Receiving Party will immediately retrieve and return (or destroy) any copies of the inadvertently produced Material, including copies distributed to others (e.g., Outside Consultants and Professional Vendors). The Receiving Party will remain entitled to challenge the privilege or immunity or immunity designation.

**J.    Miscellaneous**

49.    <u>Enforcement and Jurisdiction</u>. This Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who reviews Designated Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

50.    <u>Injunctive Relief</u>. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

51.    <u>Final Disposition</u>. Within sixty days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party). However, Counsel of Record are entitled to retain 3 archival copies of all pleadings, motion papers and supporting materials), transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order.

52.    <u>Duration</u>. The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

53.    <u>Further Protections</u>. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

54.    <u>Subpoenas in Other Litigation</u>. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party

who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

SO ORDERED this ___17___ day of ___July___, 20_18_

_____
Hon. Marco A. Hernández
United States District Judge

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1.      I reside at _____.

2.      My present employer is _____.

3.      My present occupation or job description is

_____.

4.      I have read the Stipulated Protective Order ("Order") dated *[DATE]*, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5.      I agree to be subject to the authority of the U.S. District Court for the District of Oregon in the event of any dispute related to this agreement.

6.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.    _____
                                         Signature

-14-

**Exhibit B**

**CERTIFICATION OF OUTSIDE CONSULTANT
REGARDING PROTECTIVE ORDER**

I, _____, state:

1.      I have read the Stipulated Protective Order ("Order") dated *[DATE]*, and understand and will abide by its terms.

2.      I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party's competitor.

3.      If at any time after I execute this Certificate of Consultant and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Materials marked as "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED - SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

4.      I will not use any Designated Material for any purpose other than this litigation.

5.      I agree not to participate in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals).

-15-

6.     I agree not to perform commercial hardware, software or product development work intended for commercial purposes that is related to the Relevant Technology until one year following the final termination of this litigation (including any appeals).

7.     I agree to be subject to the authority of the U.S. District Court for the District of Oregon in the event of any dispute related to this certification.

8.     I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.    _____
                                                                        Signature

**Exhibit C**

**LITIGATION MANAGER ACKNOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1.      I reside at _____.

2.      My present employer is _____.

3.      I have read the Stipulated Protective Order ("Order") dated *[DATE]*, and

understand and will abide by its terms.

4.      I meet the Order's requirements for a Litigation Manager.

5.      I will not divulge any confidential information or material to persons other

than those specifically authorized by the Order. I will not use Designated Material in any

manner not expressly allowed by the Order.

5.      I agree to be subject to the authority of the U.S. District Court for the

District of Oregon in the event of any dispute related to this agreement.

6.      I state under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Executed on _____, 20__.     _____
                                          Signature

135632096.1