**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **FEREYDUN TABAIAN and AHMAD** | ) | |
| **ASHRAFZADEH**, | ) | Civil Action No. 18-cv-00326-HZ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INTEL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL**
**ASSISTANCE BY THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON REGARDING**
**S. ALI HEJAZI AND S. HAMED SADATI**

The United States District Court for the District of Oregon, on the application of Intel

Corporation ("Intel"), submits this Letter of Request to the Senior Master of the Queen's Bench

Division, Royal Courts of Justice, London, the Central Authority designated by the United

Kingdom of Great Britain and Northern Ireland (England & Wales) under the Hague Convention

of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the

"Hague Convention").

The purpose of this request is to seek international judicial assistance in obtaining

otherwise unavailable testimony and documentary evidence for use at trial in the above-

captioned civil lawsuit presently pending before this Court, which involves claims concerning

the alleged infringement and validity of one United States patent.  Specifically, this Court

requests assistance as described herein in obtaining both oral testimony and documents for use at

trial from S. Ali Hejazi and S. Hamed Sadati, both of whom are residents of England and both of

whom are named inventors on the United States patent that is at issue in this lawsuit. The list of documents requested are described in the attached Schedule A, and the topics on which Messrs. Hejazi and Sadati are to be examined are described in Schedule B.

This Court requests the assistance described herein in the interests of justice. The requested documents and testimony are intended for use at trial and are relevant to numerous claims and defenses at issue in the above-captioned case. The Court has duly considered English law with respect to requests for documents and testimony, including The Evidence (Procedure in Other Jurisdictions) Act 1975, and Civil Procedure Rules, Part 34 (Witnesses, Depositions, and Evidence for Foreign Courts), as well as the cases of *Allergan v Amazon Medica* [2018] EWHC 307 (QB); *Microtechnologies v Autonomy* [2017] EWHC 613 (QB); and *In re Asbestos Insurance Coverage Cases* [1985] 1 WLR 331. The Court has concluded that the list of documents and topics for examination complies with the requirements set forth therein.

This Court respectfully requests that the Royal Courts of Justice recognize this Letter of Request and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

This request is made with the understanding that it will in no way require either of Messrs. Hejazi or Sadati to commit any offense, nor to contravene the sovereign interests of the United Kingdom, nor will it require Messrs. Hejazi or Sadati to undergo a broader form of inquiry than they would be required to undergo were this litigation conducted in England and Wales.

**Section I**

    **1.**     **Sender:**

        The Honorable Marco A. Hernández
        United States District Judge

United States District Court for the District of Oregon
Mark O. Hatfield United States Courthouse
Room 1507
1000 Southwest Third Avenue
Portland, OR 97204
USA
Tel. + 1 (503) 326-8210

The United States District Court for the District of Oregon, which is a competent

court of law and equity and which properly has jurisdiction over this proceeding, has the

power to compel the attendance of witnesses and inspection of documents within its

jurisdiction and has the authority to seek the assistance of foreign governments in

compelling the attendance of witnesses and inspection of documents outside its

jurisdiction.

**2.      Central Authority of the Requested State:**

Senior Master of the Queen's Bench Division
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom

**3.      Person to whom the executed request is to be returned:**

Renée E. Rothauge
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
USA
Tel. +1 (503) 295-3085

## Section II

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the

honor to submit the following request:

**4.      Specification of the date by which the requesting authority requires
receipt of the response to the Letter of Request:**

As soon as reasonably practicable consistent with the laws of England & Wales and the schedule of the competent authority receiving the Letter of Request.

The parties to the above-captioned lawsuit are currently engaged in discovery and are collecting evidence that will be used at trial.  In line with normal procedure in the United States, this Court must construe the claim terms of the patent at issue as a preliminary issue, in a hearing commonly referred to as a *Markman* hearing.  Any evidence the parties wish to submit in relation to claim construction must be submitted in advance of the *Markman* hearing.  Several of the requested categories for testimony and production of documents are relevant to, *inter alia*, the construction of the terms of the asserted patent, and they would need to be collected before the *Markman* hearing to permit their use on the issue of claim construction.  The collection of evidence for claim construction will conclude on December 5, 2018, by order of this Court.  Intel thus seeks to examine Messrs. Hejazi and Sadati by September 2018 and no later than November 2018.  Intel submits, and the Court agrees, that this is an appropriate schedule and that a Letter of Request is appropriate at this stage.

For the avoidance of doubt and having regard to the fact that the examination is relevant to issues for trial more widely than issues of construction, if it should prove impossible to schedule the examination in accordance with the timing set out above, this Court asks that the examination proceed in accordance with what timing can be achieved.

5.    a.    **Requesting judicial authority (Article 3, a):**

The Honorable Marco A. Hernández
United States District Judge
United States District Court for the District of Oregon
Mark O. Hatfield United States Courthouse
Room 1507
1000 Southwest Third Avenue
Portland, OR 97204
USA

Tel. +1 (503) 326-8210

    **b.**        **To the competent authority of (Article 3, a):**

The United Kingdom of Great Britain and Northern Ireland (England & Wales).

    **c.**        **Name of the case and any identifying number:**

*Tabaian, et al., v. Intel Corporation*, No. 18-cv-00326-HZ, pending in the United States District Court for the District of Oregon.

**6.**    **The names and addresses of the parties and their representatives (Article 3, b):**

    **a.**        **Plaintiff/Counterclaim Defendant:**

Fereydun Tabaian and Ahmad Ashrafzadeh

<u>Representatives</u>

Jeffrey S. Love
John D. Vandenberg
Mark W. Wilson
Klarquist Sparkman LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR 97204
USA
Tel. +1 (903) 757-6400

Howard L. Close
Kathleen S. Rose
Ronald L. Flack, Jr.
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, TX 77056
Tel. +1 (713) 572-4321

Richard N. Laminack
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
USA
Tel. +1 (713) 292-2750

Luke Motley IV
Law Offices of Luke Motley, IV PC
111 S. Travis Street
Sherman, TX 75090
USA
Tel. +1 (903) 892-9133

**b.      Defendant/Counterclaim-Plaintiff**

Intel Corporation
2200 Mission College Boulevard
Santa Clara, CA, 95054
USA

<u>Representatives</u>

Michael J. Summersgill
Jordan L. Hirsch
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
USA
Tel. +1 (617) 526-6000

Todd C. Zubler
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
USA
Tel. +1 (202) 663-6636

Renée E. Rothauge
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
USA
Tel. +1 (503) 295-3085

**c.      Other parties:**

None.

**7.      a.      Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c):**

Civil lawsuit alleging infringement of United States Patent No. 7,027,944 (the "'944 patent"), and counterclaims that the '944 patent is not infringed and is invalid.

### b.    Summary of facts

The '944 patent is titled "Programmable Calibration Circuit for Power Supply Current Sensing and Droop Loss Compensation" and was issued on April 11, 2006. The patent names four inventors: Fereydun Tabaian, Ali Hejazi, Hamed Sadati, and Ahmad Ashrafzadeh.

On February 21, 2018, Messrs. Tabaian and Ashrafzadeh ("the Plaintiffs") filed suit against Intel Corporation in the United States District Court for the District of Oregon, alleging infringement of the '944 patent. Intel denies the allegations of infringement and has filed counterclaims seeking a declaratory judgment against Plaintiffs declaring that Intel does not infringe the '944 patent and that the '944 patent is invalid. Copies of Plaintiffs' Complaint, Intel's Answer and Counterclaims, and Plaintiffs' Answer to Intel's Counterclaims are attached herein as **Exhibits A, B, and C**, respectively. Inventors Hejazi and Sadati are not parties to this case. They both reside in the United Kingdom and are not represented by Plaintiffs' counsel. Accordingly, in order to obtain testimony and documents for use at trial from inventors Hejazi and Sadati, Intel must proceed through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231.

**8.    a.    The evidence to be obtained or other judicial act to be performed.
(Article 3, d):**

The evidence sought consists of the production of documents and testimony, in each case for use at trial.  It is requested that the Central Authority compel Messrs. Hejazi and Sadati to produce the documents listed in Schedule A and compel Messrs. Hejazi and Sadati to be examined under oath as to their knowledge of the topics described in Schedule B.  This Court requests that Intel be permitted to examine Messrs. Hejazi and Sadati preferably by October 2018, and no later than December 2018.

It is further requested that the Central Authority permit Intel to examine each of Messrs. Hejazi and Sadati on the topics specific in Schedule B for 7 hours (with the testimony of each individual to be completed within one day).   This is standard under the United States Federal Rules of Civil Procedure.

**b.    Purpose of the evidence or judicial act sought:**

Messrs. Hejazi and Sadati are named inventors on the '944 patent that is at issue in this lawsuit.  The testimony of both individuals is relevant to Intel's defenses and counterclaims of non-infringement and invalidity.  As inventors of the '944 patent, Messrs. Hejazi and Sadati have, or have had and can be expected still to have, relevant information regarding the alleged invention of the '944 patent, the conception and reduction to practice of the alleged invention claimed in the patent, alleged use of the invention claimed in the patent, efforts to license and transfer the patent, the value of the patent, and allegedly novel features of the patent in light of what was previously known.

The information requested from Messrs. Hejazi and Sadati is of direct and close connection to the subject matter of the litigation.  The information sought from Messrs. Hejazi

and Sadati directly relates to Plaintiff's allegations of patent infringement by Intel and to Intel's defenses and counterclaims of non-infringement and invalidity.

The United Kingdom legislation implementing the Hague Convention, the Evidence (Proceedings in Other Jurisdictions) Act 1975 has been considered by this Court. This Court has sought, within its understanding of that legislation, to frame this Letter of Request so that it falls within the jurisdiction of the Royal Courts of Justice.

In particular, this Court has considered the issue of relevance in relation to each specific topic for examination and each request for the production of documents, in respect of which the attention of this Court has been drawn to *Allergan v Amazon Medica* [2018] EWHC 307 (QB). On the basis of that case, this Court understands that the basis on which the English Court operates may be more restrictive than that with which this Court is familiar. This Court has nevertheless concluded that the evidence sought by examination or production of documents is properly confined so as to be relevant in that restricted sense to one or more issues for trial in this case. This Court considers the topics for examination and each request for the production of documents to comply with the standards of the Royal Courts of Justice and does not consider this Request to be an investigatory "fishing expedition."

This Court has considered the request for the production of documents on the understanding that it should comply with the restrictions set out in *In re Asbestos Insurance Coverage Cases* [1985] 1 WLR 331. In particular, this Court has considered and is satisfied on the evidence that the requests are limited to "particular documents separately described" that exist or at least did exist and that are likely to be in the possession, custody, or power of the person called upon to produce them.

This Court has further considered *Microtechnologies v Autonomy* [2017] EWHC 613 (QB). This Court understands that the normal rule is that the Royal Courts of Justice will limit examination of witnesses to non-leading questions in examination-in-chief, but that there is discretion to order otherwise. This Court, having regard to the position of the witnesses, to the issues on which testimony is sought, and to the fact that cross-examination with leading questions would be permitted were this examination to take place in the jurisdiction of this Court, requests that cross-examination with leading questions be permitted.

The Court believes that the information sought is relevant and is limited to matters that, in accordance with the foregoing, this Court can properly request of the Royal Courts of Justice. The Court believes that this evidence is not available from any other source and that, without it, the ends of justice cannot be properly met.

**SECTION III**

     **9.**     **Identity and address of any person to be examined (Article 3, e):**

Mr. S. Ali Hejazi resides at 9 Elm Grove, Cricklewood, London. Mr. S. Hamed Sadati resides at 5 Beech Drive, Swindon, Wiltshire.

     **10.**     **Questions to be put to the persons examined or statements of the subject matter about which they are to be examined (Article 3, f):**

A list of the subjects on which the witnesses are to be examined is included in Schedule B.

     **11.**     **Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, g):**

The Court requests the testimony of the witnesses listed in Schedule B be given under any oath (including affirmation) applicable under English law. In addition, it is requested that a court reporter to be provided by Intel be allowed to transcribe the proceedings in accordance

with the United States Federal Rules of Civil Procedure and also administer an oath to the

witness, and that a videographer provided by Intel be allowed to record the proceedings.

12. **Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, i) and 9):**

The District Court requests that the following procedures be employed:

> the examination take place in the London offices of Wilmer Cutler Pickering Hale and Dorr LLP at 49 Park Lane, London W1K 1PS or in the offices of such other law firm, barrister's chambers or court reporters in central London as Intel may specify;

> the parties' representatives be allowed to attend and participate in the hearing at which the identified witnesses will be examined;

> Intel's legal representatives be permitted to examine and cross-examine the witnesses on the topics identified in Schedule B and Plaintiffs' legal representatives be permitted to examine and cross-examine the witnesses regarding those same topics. For the avoidance of doubt, the Court requests that attorneys for Intel be permitted to cross-examine the witnesses;

> you will cause the evidence of the said witnesses to be reduced into writing and all documents produced on such examinations to be duly marked for identification and that you will further be pleased to authenticate such examinations by the seal of your court or in such other way as is in accordance with your procedure and return the written evidence and documents produced to this Court addressed as follows:

>> Renée E. Rothauge
>> Markowitz Herbold PC
>> 1211 SW Fifth Avenue, Suite 3000
>> Portland, OR 97204
>> USA;

> that in addition to any official transcript, a court reporter certified to take verbatim transcription for use in litigation in the United States be allowed to attend and transcribe the proceedings at Intel's expense;

> a videographer be permitted to attend and make a video recording of the testimony at Intel's expense; and

> no order be made by the Royal Courts of Justice as to the further use of documents and oral evidence, which are already subject to confidentiality and disclosure restrictions in that action.

**13.    Request for notification of the time and place for the execution of the Request and entity and address of any person to be notified (Article 7):**

Please notify the following counsel of the time and place for the execution of the

Request and any correspondence related thereto so that they may be present:

> Jeffrey S. Love
> John D. Vandenberg
> Mark W. Wilson
> Klarquist Sparkman LLP
> One World Trade Center
> 121 SW Salmon Street, Suite 1600
> Portland, OR 97204
> USA
> Tel. +1 (903) 757-6400
>
> Howard L. Close
> Kathleen S. Rose
> Ronald L. Flack, Jr.
> Wright Close & Barger, LLP
> One Riverway, Suite 2200
> Houston, TX 77056
> USA
> Tel. +1 (713) 572-4321
>
>
> Michael J. Summersgill
> Jordan L. Hirsch
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> USA
> Tel. +1 (617) 526-6000
>
> Renée E. Rothauge
> Markowitz Herbold PC
> 1211 SW Fifth Avenue, Suite 3000
> Portland, OR 97204
> USA
> Tel. +1 (503) 295-3085

**14.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8):**

None, save that the Court requests that the examination take place before an examiner familiar with patents and patent law.

**15.      Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b):**

The witness may refuse to answer any question propounded if such answer would be protected by privilege recognized by the Royal Courts of Justice or this Court.

**16.      The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention**

The fees and costs which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Intel.

\*\*\*\*\*

The Court expresses its gratitude to the judicial authorities of England & Wales for their assistance in executing this Request.  This Court expresses its sincere willingness to provide similar assistance to the Competent Authority if future circumstances should require.

In sum, in the spirit of comity and reciprocity, the Court hereby requests international judicial assistance in the form of this Letter of Request for the Royal Courts of Justice to compel through its usual processes: (1) the production for inspection of the documents listed in Schedule A; and (2) the testimony under oath of the witnesses identified in Schedule B on the topics identified in that schedule.

Dated:_____9_____, 2018        By: _____
                                                        The Honorable Marco A. Hernández
                                                        United States District Judge
                                                        United States District Court for the District
                                                        of Oregon

**<u>SCHEDULE A</u>**

### <u>DEFINITIONS</u>

1.      The term "document" means anything in which information of any description is recorded.

2.      The "'944 patent" means U.S. Patent No. 7,027,944.


### <u>DOCUMENT REQUESTS</u>

Intel Corporation requests production by each witness of the following documents:

1.   The documents sent to or by the witness recording the conception and reduction to practice of the invention claimed in the "'944 patent.

2.   The witness's lab notebook or record relating to the conception or reduction to practice of the invention claimed in the '944 patent.

3.   Documents sent to or by the witness relating to the assignment and licensing of the '944 patent.

**<u>SCHEDULE B</u>**

## DEFINITIONS

1.    "Intel" means the defendant, Intel Corporation, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2.    "Plaintiffs" means the plaintiffs Fereydun Tabaian (also known as Tony Tabaian) and Ahmad Ashrafzadeh, as well as any other person acting or purporting to act on behalf of Fereydun Tabaian or Ahmad Ashrafzadeh.

3.    "NuPower" means NuPower Semiconductor, Inc. and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, business partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4.    The term "document" means anything in which information of any description is recorded.

5.    The "'944 patent" means U.S. Patent No. 7,027,944.

6.    "Named Inventors" means the inventors listed on the face of the '944 patent: Fereydun Tabaian, Ali Hejazi, Hamed Sadati, and Ahmad Ashrafzadeh.

7.    "Litigation" means the lawsuit filed by Fereydun Tabaian and Ahmad Ashrafzadeh against Intel on February 21, 2018, Civil Action No. 3:18-cv-0326-HZ (D. Or.).

## TOPICS FOR EXAMINATION

Intel seeks to examine under oath Messrs. S. Ali Hejazi and S. Hamed Sadati on the following topics:

1.    The witness's education, background, and positions held at NuPower.

2.    The invention claimed in the '944 patent.

3.    The conception of invention claimed in the '944 patent, including when and where it occurred, the circumstances, and who was involved.

4.    The reduction to practice of the invention claimed in the '944 patent, including when and where it occurred, the circumstances, and who was involved.

5.    The decision to file the application leading to the '944 patent, including when it occurred, the circumstances, and who was involved.

6. The prosecution of the application that led to the issuance of the '944 patent.

7. The witness's communications with NuPower regarding the invention claimed in the '944 patent.

8. The witness's communications with any of the Named Inventors of the '944 patent regarding the invention claimed in the '944 patent, the '944 patent's worth, or potential litigation regarding the '944 patent, including communications with Plaintiffs or Plaintiffs' counsel.

9. The witness's discussions with Intel, employees of Intel, or former employees of Intel regarding NuPower's technology or NuPower's patents, including the '944 patent.

10. Transfers, assignments, and licenses to the '944 patent (including efforts to license, transfer, or assign the '944 patent), including the amounts offered, accepted, and paid, the parties involved, and the dates of the transfers, assignments, and licenses.

11. Valuations of the '944 patent.

12. The worth of the '944 patent to the microprocessor or semiconductor industries.

13. Actual and potential uses of the invention claimed in the '944 patent, including use in products or prototypes.

14. Prior art to the '944 patent and the alleged novelty of the invention claimed in the '944 patent in light of what was previously known in the prior art.

15. NuPower's policies concerning employee inventions, patents, and intellectual property, including any compensation for filing invention disclosures or patents.

16. The witness's communications with any individual, including Fereydun Tabaian and Ahmad Ashrafzadeh, regarding this Litigation.