Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
Mark W. Wilson, OSB No. 091596
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
mark.wilson@klarquist.com

Howard L. Close, Texas Bar No. 04406500
Kathleen S. Rose, Texas Bar No. 00798473
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
TP:  713.572.4321
close@wrightclosebarger.com
rose@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER — 1

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T:  713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T:  903-892-9133
lmotley4@motleypc.com

Attorneys for FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

Michael J. Summersgill (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com

Attorneys for INTEL CORPORATION

STIPULATED PROTECTIVE ORDER — 2

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Litigation Manager</u>: an employee in a Party's legal department or intellectual property division whose responsibilities include overseeing this litigation and who has no involvement in competitive decision-making. Each Party may designate a maximum of three Litigation Managers. A Party may replace a designated Litigation Manager with a new Litigation Manager by serving the appropriate undertakings described in paragraph 7.3(b). The replaced Litigation Manager must then return all Designated Materials in his or her possession to the Party's Outside Counsel and will no longer have the rights of a Litigation Manager.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY –

STIPULATED PROTECTIVE ORDER — 3

SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>"ATTORNEYS' EYES ONLY  – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

"Outside Counsel of Record" does not include any person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR."

2.17     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18     Relevant Technology: circuits for regulating power in microprocessors or other integrated logic circuits.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

STIPULATED PROTECTIVE ORDER — 5

source who obtained the information lawfully and under no obligation of confidentiality to the

Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or

order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

Party that designates information or items for protection under this Order must take care to limit any such

designation to specific material that qualifies under the appropriate standards. To the extent it is practical

to do so, the Designating Party must designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

retard the case development process or to impose unnecessary expenses and burdens on other parties)

expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

that Designating Party must promptly notify all other parties that it is withdrawing the mistaken

designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see,

STIPULATED PROTECTIVE ORDER — 6

e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the

STIPULATED PROTECTIVE ORDER — 7

Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually

STIPULATED PROTECTIVE ORDER — 8

designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

       6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under D. Or. Civil Local Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

       The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

STIPULATED PROTECTIVE ORDER — 10

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party, or to any party to this action who is an individual, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER — 11

7.3     <u>Disclosure of "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY –</u>
<u>SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or</u>
<u>"ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" Information</u>
<u>or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a
Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY, "
"ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO
PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO
PROSECUTION BAR" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) Litigation Managers (1) to whom disclosure is reasonably necessary for this
litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as
to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this
litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3)
as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors,
and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have
signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or
other person who otherwise possessed or knew the information.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "ATTORNEYS' EYES ONLY,"</u>
<u>"ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO</u>
<u>PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO</u>
<u>PROSECUTION BAR" Information or Items to Litigation Managers or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating
Party, a Party that seeks to disclose to Litigation Managers any information or item that has been

STIPULATED PROTECTIVE ORDER — 12

designated "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE,"
"ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES
ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" pursuant to paragraph 7.3(b) first
must make a written request to the Designating Party that (1) sets forth the full name of the Litigation
Manager and the city and state of his or her residence, and (2) describes the Litigation Manager's current
and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine
if the Litigation Manager is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating
Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that
has been designated "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE
CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS'
EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" pursuant to paragraph 7.3(c)
first must make a written request to the Designating Party that (1) sets forth the full name of the Expert
and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume,
(3) identifies the Expert's current employer(s), business title, business address, and business or
profession, (4) identifies each person or entity from whom the Expert has received compensation or
funding for work in his or her areas of expertise or to whom the expert has provided professional services,
including in connection with a litigation, at any time during the preceding five years, and (5) identifies
(by name and number of the case, filing date, and location of court) any litigation in connection with
which the Expert has offered expert testimony, including through a declaration, report, or testimony at a
deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding
respective paragraphs may disclose the subject Protected Material to the identified Litigation Manager or
Expert unless, within 14 days of delivering the request, the Party receives a written objection from the
Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the
Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Litigation Manager or the Expert may file a motion as provided in D. Or. Civil Local Rule 7 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Litigation Manager or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Litigation Manager or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" information shall not be involved in the prosecution of patents or patent applications relating to the Relevant Technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue, except that the individual is prohibited from

participating in the drafting of any claim or amendment to any claim.  This Prosecution Bar shall begin when access to "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" information is first received by the affected individual and shall end one (1) year after the affected individual's last access to such Designated Material.

9.      SOURCE CODE

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "ATTORNEYS' EYES ONLY – SOURCE CODE" or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "ATTORNEYS' EYES ONLY – SOURCE CODE" or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" shall be subject to all of the protections afforded to "ATTORNEYS' EYES ONLY" information, including if designated "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Litigation Managers.  Litigation Managers, with the consent of the Producing Party, may access derivative materials including "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" information, such as exhibits to motions and expert reports.

(c)      Any "ATTORNEYS' EYES ONLY  - SOURCE CODE" or "ATTORNEYS' EYES ONLY  - SOURCE CODE – SUBJECT TO PROSECUTION BAR" material produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any

portion of the source code onto any recordable media or recordable device. At the Receiving Party's request, the Producing Party will provide a secure note-taking laptop without Internet access or network access to other computers for the Receiving Party to use to take notes when reviewing the source code. The Producing Party will provide the Receiving Party with the ability to print the notes taken on the secure note-taking laptop. The printed notes shall be subject to the restrictions set forth in 9(d) and 9(e). No other electronic devices will be permitted in the secure location. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing

Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " "ATTORNEYS' EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

        (a)     The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS'

EYES ONLY – SOURCE CODE," "ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION

BAR," or "ATTORNEYS' EYES ONLY – SOURCE CODE – SUBJECT TO PROSECUTION BAR."

Such information produced by Non-Parties in connection with this litigation is protected by the remedies

and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-

Party from seeking additional protections.

        (b)     In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's confidential information in its possession, and the Party is subject to an agreement with the

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

                1.    promptly notify in writing the Requesting Party and the Non-Party that some or

all of the information requested is subject to a confidentiality agreement with a Non-Party;

                2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

this litigation, the relevant discovery request(s), and a reasonably specific description of the information

requested; and

                3.    make the information requested available for inspection by the Non-Party.

        (c)     If the Non-Party fails to object or seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

protective order, the Receiving Party shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a

court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this

court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

                If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the

STIPULATED PROTECTIVE ORDER — 18

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file (except under seal) in the public record in this action any Protected Material. Any Party is authorized under D. Or. Civil Local Rule 26-4(c) to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.  In the event that a Party files a document under seal containing Protected Material, such Party must within 24 hours thereafter file a redacted version of such filing redacting the substance of the Protected Material that is included or disclosed in such sealed filing.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

STIPULATED PROTECTIVE ORDER — 20

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: August 31, 2018                    /s/ Howard L. Close
                                          Attorneys for Plaintiffs


DATED: August 31, 2018                    /s/ Jordan L. Hirsch
                                          Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 8/31/2018     Marco Hernandez
                                          Hon. Marco A. Hernandez
                                          United States District Judge


STIPULATED PROTECTIVE ORDER — 21

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], am employed by _____ [insert name of employer] as _____ [insert occupation or job description], and declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Oregon on _____ [date] in the case of *Tabaian et al. v. Intel Corp.*, Civil Action No.: 3:18-cv-0326-HZ (D. Or.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Oregon for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Oregon agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]