Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105
reneerothauge@markowitzherbold.com

Michael J. Summersgill (*pro hac vice*)
Jordan L. Hirsch (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363
todd.zubler@wilmerhale.com

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **FEREYDUN TABAIAN and AHMAD ASHRAFZADEH**, | Case No. 3:18-cv-326-HZ |
| Plaintiffs, | **INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO SERVE ITS INVALIDITY CONTENTIONS** |
| v. | |
| **INTEL CORPORATION,** | **EXPEDITED CONSIDERATION REQUESTED** |
| Defendant. | |

**Page 1 -    INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO
        SERVE ITS INVALIDITY CONTENTIONS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for Defendant certify that they have conferred with counsel for Plaintiffs via telephone on November 30, 2018.  The parties attempted to reach a good-faith resolution to this dispute, but were unable to do so.

## MOTION FOR EXTENSION OF TIME

Defendant Intel Corporation ("Intel") respectfully requests a six-week extension of time, until January 16, 2019, to serve its initial Invalidity Contentions.  Intel also respectfully requests expedited consideration of this motion in light of the current December 5, 2018 deadline to serve its initial Invalidity Contentions.

The requested extension is warranted because:  (1) Plaintiffs' amended Infringement Contentions—to which Intel is responding with its Invalidity Contentions—are 400 pages long and assert thirteen different alternative infringement theories that differ significantly from the infringement theories advanced by Plaintiffs in their original Infringement Contentions and Complaint; (2) Intel would otherwise have only three weeks to respond to Plaintiffs' contentions (whereas Plaintiffs had over four months to prepare their infringement contentions); and (3) the time period for preparing Intel's Invalidity Contentions falls over the holidays when many on the Intel team will be out of the office.  Intel requested Plaintiffs' consent but—despite the fact that Intel has agreed to three separate extensions for Plaintiffs to serve their Infringement Contentions—they refused, initially offering only a one-day extension and then ultimately offering five-weeks but maintaining their refusal to agree to six weeks.  Plaintiffs' latest proposal would not give Intel sufficient time to address Plaintiffs' new infringement theories, and would have the period for preparing Intel's Invalidity Contentions fall over the holidays.

**Page 2 -    INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO
SERVE ITS INVALIDITY CONTENTIONS**

The Court's original Scheduling Order envisioned Plaintiffs serving their Disclosure of Asserted Claims and Infringement Contentions on July 23, 2018, and for Intel to respond with its Disclosure of Invalidity Contentions more than nine weeks later, on September 27, 2018.  *See* Dkt. 51.  After Intel agreed to *three* extensions, and the Court granted Plaintiffs a 90-day extension to serve amended Infringement Contentions, Dkt. 75, Plaintiffs served their First Amended Disclosure of Asserted Claims and Infringement Contentions on November 16, 2018.  Although this schedule left Intel just three weeks to respond to Plaintiffs' contentions, Dkt. 83, Intel had agreed to this schedule because Intel believed that Plaintiffs had disclosed in significant part their infringement theory in their initial Infringement Contentions.

However, Plaintiffs' nearly 400-page amended Infringement Contentions depart significantly from the infringement theories Plaintiffs articulated both in their Complaint and the initial Infringement Contentions, and in ways that Intel could not have anticipated.  As just one example, in the Complaint and initial Infringement Contentions, Plaintiffs alleged that Intel's Fully Integrated Voltage Regulator, or "FIVR" technology, infringes certain claims of U.S. Patent No. 7,027,944.  In their amended Infringement Contentions, however, Plaintiffs accuse—for the first time—external voltage regulators and Intel testing equipment that is physically separate from the processors containing FIVR that the Plaintiffs initially accused.  In addition, Plaintiffs' amended Infringement Contentions take multiple inconsistent positions on what in Intel's accused products allegedly meet the asserted claim elements.  Plaintiffs, for example, identify six different combinations of components that, according to Plaintiffs, constitute the claimed "calibration control circuit."  In total, Plaintiffs now advance *thirteen* different (and often inconsistent) infringement theories.

Intel initially proposed an extension of time to serve its Invalidity Contentions to Plaintiffs on Wednesday, November 28.  Plaintiffs responded by agreeing to "extend the general deadline for the majority of Intel's Invalidity Contentions for **one day**."[1]  After further back and forth, Plaintiffs ultimately indicated that they were willing to extend the Invalidity Contention deadline by five weeks to January 9, 2019.  Intel respectfully submits that the requested extension is warranted for three reasons:

*First,* given the length of Plaintiffs' amended Infringement Contentions (over 400 pages), their complexity (Plaintiffs now assert thirteen alternative and often inconsistent theories of infringement), and the fact that much of what Plaintiffs now accuse departs significantly from their initial contentions, the existing three-week period for responding would not give Intel sufficient time to respond.

*Second,* Plaintiffs had more than four months to prepare their Infringement Contentions (including more than three months since Plaintiffs deposed Intel's lead FIVR designer). Particularly given the complexity of plaintiffs' contentions, Intel should be given an approximately corresponding amount of time.

*Third,* under Plaintiffs' proposal, the period for preparing Intel's Invalidity Contentions falls over the holidays when many on the Intel team will be out of the office.  Intel would like to avoid asking its attorneys to work through the holiday break.

As shown below, Intel's proposed extension would only minimally impact the parties' current claim construction schedule, would provide Plaintiffs with a full eight weeks after

---

[1]  Plaintiffs objected to Intel's proposed schedule because, according to Plaintiffs, an extension would be prejudicial in light of the Court's claim construction schedule.  The schedule Intel now proposes addresses any potential concern by, among other things, providing Plaintiffs with a full eight weeks after receiving Intel's Invalidity Contentions to prepare their claim construction positions for the Joint Claim Construction Statement.

**Page 4 -   INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO**
**SERVE ITS INVALIDITY CONTENTIONS**

receiving Intel's Invalidity Contentions to prepare their claim construction positions for the Joint

Claim Construction Statement, and would not affect the Court's *Markman* hearing date at all:

| Event | Current Date | Proposed Date |
|---|---|---|
| Disclosure of Invalidity Contentions | Dec. 5, 2018 | Jan. 16, 2019 |
| Identification of Claim Terms to be Construed & Conferral | Jan. 9, 2019 | Jan. 30, 2019 |
| Preliminary Claim Constructions | Jan. 21, 2019 | Feb. 20, 2019 |
| Joint Claim Construction Statement | Feb. 8, 2019 | Mar.13, 2019 |
| Close of Claim Construction Discovery | Mar. 5, 2019 | Mar. 29, 2019 |
| Simultaneous Opening Claim Construction Briefs | Apr. 11, 2019 | Apr. 18, 2019 |
| Simultaneous Response Claim Construction Briefs | May 13, 2019 | May 13, 2019 |
| Claim Construction Hearing | June 20, 2019 | June 20, 2019 |

Accordingly, Intel respectfully requests that the Court extend the deadline for Intel's

Invalidity Contentions to January 16, 2019 and modify the schedule as proposed above.

DATED:  December 3, 2018

Respectfully submitted,

*s/ Renée E. Rothauge*

_____

Renée E. Rothauge, OSB #903712
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730
(503) 295-3085
reneerothauge@markowitzherbold.com

Michael J. Summersgill (admitted *pro hac vice*)
Jordan L. Hirsch (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Todd C. Zubler (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
todd.zubler@wilmerhale.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Intel Corporation*

824392.2

**Page 5 -    INTEL CORPORATION'S MOTION FOR EXTENSION OF TIME TO**
          **SERVE ITS INVALIDITY CONTENTIONS**