IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEREYDUN TABAIAN and
AHMAD ASHRAFZADEH,

        Plaintiffs,

v.

INTEL CORPORATION,

        Defendant.

No. 3:18-cv-00326-HZ

OPINION & ORDER

Howard L. Close
J. Andrew Love
Kathleen S. Rose
Patrick B. McAndrew
Ronald L. Flack
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, TX 77056

Jeffrey Stewart Love
James E. Geringer
John D. Vandenberg

1- OPINION & ORDER

KLARQUIST SPARKMAN, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR 97204

Luke Motley, IV
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, TX 77006

        Attorneys for Plaintiffs

Arthur W. Coviello
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94303

Jordan L. Hirsch
Michael J. Summersgill
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109

Todd C. Zubler
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

Anna Marie Joyce
Renee E. Rothauge
MARKOWITZ HERBOLD PC
1211 SW 5th Ave., Suite 3000
Portland, OR 97204

Ryan J. McBrayer
PERKINS COIE, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

Sarah J. Crooks
PERKINS COIE, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

  In this patent infringement case, Defendant Intel Corporation moves to compel Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh to identify the infringement contentions they will pursue at trial. Plaintiffs move to amend their infringement contentions. The Court grants Defendant's motion and denies Plaintiffs' motion.

## BACKGROUND

  Plaintiffs bring this patent infringement action against Defendant. Compl., ECF 1. The patent at issue, U.S. Patent No. 7,027,944 is for "Programmable Calibration Circuit and Power Supply Current Sensing and Droop Loss Compensation" and was issued on April 11, 2006. *Id.* at ¶ 1. Plaintiffs own the patent which they assert discloses a circuit for using calibration for precise voltage regulation. *Id.* at ¶ 2. Plaintiffs allege that Defendant has infringed the '944 Patent by using it in Defendant's Fully Integrated Voltage Regulator technology. *Id.* at ¶¶ 4,5. Plaintiffs contend that Defendant infringes 18 claims of the '944 Patent. *Id.* at ¶¶ 37-77. Plaintiffs bring claims for direct infringement of the '944 Patent under 35 U.S.C. § 271, 281-85. *Id.* at ¶¶ 78-83.

  Plaintiffs submitted their initial infringement contentions on August 14, 2018 and revised infringement contentions on November 16, 2018. The revised contentions are at issue in this motion.

  Plaintiffs identified thirteen infringement contentions which were presented in a Summary Infringement Chart. *See* Pls.' Resp. Ex. 1 ("Summary Infringement Chart"), ECF 103-

1. On February 6, 2019, Defendant filed the present motion to compel Plaintiffs to limit the infringement contentions to those they intend to pursue at trial. Def.'s Corr. Mot. Compel, ECF 101. Defendant asked the Court to require Plaintiffs to reduce their contentions from thirteen to three. *Id.* at 23. The parties fully briefed the motion and, on March 1, 2019, the Court scheduled a telephone conference to resolve the issue on March 20, 2019.

At the end of the day on March 18, 2019, Plaintiffs filed a motion in which they asked the Court to replace their Summary Infringement Chart of thirteen infringement contentions with a new chart containing three infringement contentions. Pls.' Mot. Supplement Record, ECF 121. Plaintiffs represented to the Court that the amended contentions were substantially narrower than their November 2018 contentions. However, the day of the telephone conference, Defendant submitted a response to Plaintiffs' motion in which it argued that Plaintiffs' repackaged contentions actually consist of eleven contentions, all of which are different than the thirteen Plaintiffs presented in November of 2018. On March 20, 2019, the Court heard argument from the parties and took this matter under advisement. On March 22, 2019, Plaintiffs filed a Reply to its Motion to Supplement the Record, which it suggested the Court could construe as a Motion for Leave to Amend Plaintiffs' Infringement Contentions.

**STANDARDS**

The Court may take appropriate action to facilitate the "just, speedy, and inexpensive disposition" of a case. *See* Fed. R. Civ. P. 16(c)(2)(P). This authority allows a Court to limit the number of asserted claims or contentions in a patent case for the sake of judicial economy and management of a court's docket, *Stamps.com Inc. v. Endicia, Inc.,* 437 Fed. App'x. 897, 902 (Fed. Cir. 2011), and to enforce procedures to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's

infringement claims," *Silicon Laboratories Inc. v. Cresta Technology Corp.*, No. 5:14-CV-03227-PSG, 2015 WL 846679, at *1 (N.D. Cal. 2015). There is no precise number or type of infringement contentions or claims that a party is allowed to set forth; therefore, in determining the most appropriate limit, courts are primarily guided by the goal of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Memory Integrity, LLC v. Intel Corp.*, No. 3:15-CV-00262-SI, 2015 WL 6659674, at *1 (D. Or. Oct. 30, 2015); *Medtronic Minimed Inc. v. Animas Corp.,* 2013 WL 3322248, at *1 (C.D. Cal. Apr. 5, 2013).

"[T]he default presumption is that a party's [preliminary infringement contentions] shall be deemed to be that party's final contentions." *Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*, No. C06-05118 JFRS, 2007 WL 1994158, at *3 (N.D. Cal. July 5, 2007) (internal quotation marks and citation omitted). The Northern District of California's Patent Local Rules ("PLR"), which the Court has adopted, provide for amendments to infringement contentions. PLR 3-6. Amendments require "an order of the Court upon timely showing of good cause." *Id.* The Rule provides a non-exhaustive list of "examples of circumstances that may, absent undue prejudice to the non-moving party, supporting a finding of good cause[.]" *Id.* In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1112–13 (N.D. Cal. 2017).

///

**DISCUSSION**

The parties and the Court appear to agree that it is unrealistic for Plaintiffs to proceed to trial with thirteen infringement contentions at the level of detail and complexity set forth in Plaintiffs' November 2018 Summary Infringement Chart. Doing so would put an undue burden on Defendants and the Court during pretrial proceedings and would be unmanageable at trial. The issue is whether Plaintiffs are required to reduce their contentions at this stage of the proceedings. The Court concludes they are.

In a 2015 case from this District, Judge Simon limited the number of asserted claims from 118 to 15 claims across five patents. *Memory Integrity, LLC v. Intel Corp.*, No. 3:15-CV-00262-SI, 2015 WL 6659674 (D. Or. Oct. 30, 2015). His reasoning is applicable to this Court's decision to limit the number of infringement contentions.

In *Memory Integrity,* the plaintiff wanted to proceed through claim construction before limiting its claims. *Id.* at *2. Judge Simon found that limiting to approximately 15 claims is "not inappropriate in patent litigation" and that "the time for limiting asserting claims is before the claim construction hearing." *Id.* (collecting cases). Judge Simon cited various cases that limit the claims asserted to 15 or less, and various cases that limit the claims to 2-3 claims per patent. *Id.*. *See, e.g., Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2017 WL 1365124, at *2 (N.D. Cal. Apr. 13, 2017) (ordering the plaintiff to limit its case to 10 claims and the defendant to limit its prior art references to 20); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1310–12 (Fed. Cir. 2011) (affirming a limit of 16 claims per defendant from an original 1,975 claims); *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 901-03 (Fed. Cir. 2011) (affirming a limit of 15 claims from an original 629 claims across 11 patents); *Select Comfort Corp. v. Gentherm, Inc.*, 2014 WL 4976586 (D. Minn. Oct. 3, 2014) (ordering a limit of

15 claims across five patents). Judge Simon also ordered the defendant to limit the number of prior art references after the plaintiff selected its 15 or fewer claims. *Id*. at *4.

Judge Simon explained that [c]ourts also generally agree that the time for limiting asserted claims is before the claim construction hearing. *Id.* at * 3; *see also Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, No. 13-CV-13615, 2014 WL 106926, at *4 (E.D. Mich. Jan. 10, 2014) ("It would be a waste of time and resources to conduct a claim construction hearing for a multitude of claims that Plaintiff may later elect not to pursue during the claim selection process."); *Masimo Corp. v. Philips Elecs. N. Am. Corp.,* 918 F. Supp. 2d 277, 284 (D. Del. 2013) ("[E]arly claim reduction is warranted before claim construction briefing and summary judgment motions are filed."); *Oasis Research, LLC v. Adrive, LLC,* 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011) (holding "that limiting the amount of claims asserted by Plaintiff is appropriate at this time to aid in efficiency and narrowing the claims prior to claim construction"); *Hearing Components, Inc. v. Shure, Inc.,* 2008 WL 2485426 (E.D. Tex. June 13, 2008) (ordering the plaintiff to select no more than three representative claims from each patent before claim construction).

The parties have not offered, and the Court does not find, any authority suggesting that courts' analysis regarding limiting claims is distinguishable from the analysis this Court should apply in limiting infringement contentions. While there is no magic formula for selecting an appropriate limitation on Plaintiff's infringement contentions, the Court is persuaded by the cases above. Here, only one patent is at issue. In addition, Defendant has offered to reduce the number of prior art references it asserts after Plaintiffs reduce the infringement contentions they will pursue. The Court will allow Plaintiffs one more contention than they requested in the

amended summary chart. Thus, the Court will require Plaintiffs to identify four infringement contentions they intend to pursue.

The Court further requires Plaintiffs to select the four infringement contentions from their November 2018 Summary Infringement Chart. Plaintiffs conceded during the Court's March 20, 2019 hearing that their amended chart contains at least seven infringement contentions, none of which were presented to Defendant in the November 2018 Summary Infringement Chart. Plaintiffs downplayed the significance of the changes, insisting that Defendant has been aware of Plaintiffs' contentions and that any changes are minor.

The Court finds, however, that to allow Plaintiffs to choose from its March 18, 2019 amended chart would be fundamentally unfair. This Court made clear in a June 2018 hearing that, as prescribed by the PLRs, it would use a "good cause analysis . . . to determine whether or not someone should be allowed to change their infringement contentions[.]" Transcript, June 27, 2018, 30:11-14, ECF 55. Plaintiffs made no effort to demonstrate good cause before filing their amended chart of contentions. While Plaintiffs' Reply, filed after the Court held a hearing on this issue, sets forth a good cause argument, arguments raised for the first time in a reply are improper and, therefore, the Court will not address this new argument. *See, e.g., Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1417 n. 12 (9th Cir. 1990) (declining to address an argument raised for the first time in the reply brief); *Mitchell v. Tri–Cnty. Metro. Transp. Dist.,* No. 04–CV1359–BR, 2005 WL 3447941, at *9 (D. Or. 2005) ("The [c]ourt ... need not consider arguments made for the first time in a [motion for summary judgment] reply brief") (citation omitted).

The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2*

*Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006); *Cisco Sys., Inc. v. Teleconference Sys., LLC.*, No. 09-CV-01550 JSW (NC), 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012) (same). Here, the parties have been engaged in discovery for more than eight months, Defendant has deposed two of the named inventors on the asserted patent, Plaintiffs have taken at least three depositions, and discovery on claim construction closes on March 29, 2019. *See* Order, Dec. 4, 2018, ECF 96. The claim construction hearing is set for June 20, 2019. *Id.* The case has proceeded since at least November of 2018 under the premise that Plaintiffs' Summary Infringement Chart set forth their theories and the parties have conducted discovery accordingly. Plaintiffs present no reason as to why they should be allowed to amend their infringement contentions at this point. If Plaintiffs wish to amend their infringement contentions in the future, they are directed to comply with PLR 3-6.

## CONCLUSION

Defendant's Motion to Compel Plaintiffs to Identify the Infringement Theories they Intend to Pursue [101] is GRANTED. Plaintiff's Motion to Supplement [121] is DENIED. Defendant's Motion to Strike [127] is DENIED as moot. The Court directs Plaintiffs to limit their infringement contentions to no more than 4 within 14 days of the entry of this Order. Plaintiffs must select their contentions from their November 2018 Summary Infringement Chart.

IT IS SO ORDERED.

Dated this ___29___ day of ___March___, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge