Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
James E. Geringer, OSB No. 951783
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
james.geringer@klarquist.com

Howard L. Close, Texas Bar No. 04406500
J. Andrew Love, Texas Bar No. 24007571
Patrick B. McAndrew, Texas Bar No. 24042596
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
T:  713.572.4321
close@wrightclosebarger.com
love@wrightclosebarger.com
mcandrew@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, <br><br> Plaintiffs, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Civil Action No.: 3:18-cv-0326-HZ <br><br> **PLAINTIFFS' NOTICE OF SUBPOENAS** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T: 713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T: 903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Plaintiffs intend to serve subpoenas for the production of documents in the form attached hereto on the following entities on April 19, 2019:

1. ABB Ltd

2. Analog Devices, Inc

3. Dialog Semiconductor PLC

4. Infineon Technologies Americas Corp.

5. Integrated Device Technology, Inc.

6. Intersil Corporation

7. Linear Technology Corporation

8. Maxim Integrated Products, Inc.

9. NXP Semiconductors USA, Inc.

10. O2 Micro USA

11. ON Semiconductor

12. Qorvo (formerly SDMI)

13. Renesas Electronics America Inc.

14. Richtek Technology Corporation

15. Rohm Semiconductor

16. Semtech Corporation

17. STMicroelectronics

18. Texas Instruments

19. Vicor Corporation

Respectfully Submitted,


By: *J. Andrew Love*
Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
James E. Geringer, OSB No. 951783
KLARQUIST SPARKMAN, LLP

Howard L. Close
J. Andrew Love
Patrick B. McAndrew
Ronald J. Flack
WRIGHT CLOSE & BARGER, LLP

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES

Luke Motley IV
LAW OFFICES OF LUKE MOTLEY, IV PC




## CERTIFICATE OF SERVICE

I certify that this document is being served on all counsel of record through the Court's ECF system on April 17, 2019.

*/s/ J. Andrew Love*
J. Andrew Love

# UNITED STATES DISTRICT COURT

## for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
> Bel Power Solutions, formerly known as ABB, Ltd.
> 2390 Walsh Avenue, Santa Clara, California 95051

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 2390 Walsh Avenue, Santa Clara, California 95051 | Date and Time: |
|---|---|
| | 05/24/2019 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/19/2019

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                          *Server's signature*

                                                                    _____
                                                                          *Printed name and title*

                                                                    _____
                                                                          *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.    "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.    "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.    The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.    The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.    The term "'944 patent" refers to Patent No. 7,027,944.

6.    "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.    "VID" means voltage identification code.

8.    "PCU" means Power Control Unit.

9.    "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10.    "FCM" means FIVR Control Module.

11.    "SVID" means Serial Voltage Identification.

12.    "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.  "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.  The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.  The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.  Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.  In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.      All communications with Intel or Intel's counsel regarding this Lawsuit.

2.      All communications with Intel or Intel's counsel regarding the '944 Patent.

3.      All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.      All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.     All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.     All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.     All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.     All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.     All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.     All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.     All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.     All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.     All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.     All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.     All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.     All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.     All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.     All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **BEL POWER SOLUTIONS,** |
| INTEL CORPORATION, | **FORMERLY KNOWN AS ABB, LTD.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Bel Power Solutions, formerly known as ABB, Ltd. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Bel Power Solutions, formerly known as ABB, Ltd. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Bel Power Solutions, formerly known as ABB, Ltd.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Bel Power Solutions, formerly known as ABB, Ltd.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Analog Devices, Inc.
                        1630 McCarthy Blvd., Milpitas, California  95035
                        *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1630 McCarthy Blvd., Milpitas, California  95035 | Date and Time: 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/19/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
|  |  | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.     In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4. If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. REQUESTS FOR PRODUCTION

1. All communications with Intel or Intel's counsel regarding this Lawsuit.

2. All communications with Intel or Intel's counsel regarding the '944 Patent.

3. All documents sent to Intel related to FIVR, the PCU, or the SVID.

4. All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.    All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.    Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**ANALOG DEVICES, INC.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Analog Devices, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Analog Devices, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Analog Devices, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Analog Devices, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT

### for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                Dialog Semiconductor PLC
                2560 Mission College Blvd Santa Clara, CA 95054

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 2560 Mission College Blvd Santa Clara, CA 95054 | Date and Time: |
|---|---|
| | 05/24/2019 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/19/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.   "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.   The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.   The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.   Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.   In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.   In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4. If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1. All communications with Intel or Intel's counsel regarding this Lawsuit.

2. All communications with Intel or Intel's counsel regarding the '944 Patent.

3. All documents sent to Intel related to FIVR, the PCU, or the SVID.

4. All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.  All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.  Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.　All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.　All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.　All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.　All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.　 All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.　All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.　All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.　All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.　All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.　All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.　All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.　All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.　All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.　All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.　All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.　All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.　All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**DIALOG SEMICONDUCTOR PLC** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Dialog Semiconductor PLC or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Dialog Semiconductor PLC. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Dialog Semiconductor PLC's regularly-conducted activity. Making and maintaining the record was a regular practice of Dialog Semiconductor PLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| Fereydun Tabaian & Ahmad Ashrafzadeh | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No. 3:18-cv-0326-HZ |
| v. | ) | |
| Intel Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  
Infineon Technologies Americas Corp.  
101 N Sepulveda Blvd. El Segundo, CA 90245

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 101 N Sepulveda Blvd. El Segundo, CA 90245 | Date and Time:<br><br>05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/19/2019

*CLERK OF COURT*

OR

_____  
*Signature of Clerk or Deputy Clerk*

/s/ J. Andrew Love  
_____  
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16. "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17. The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18. The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1. Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2. In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3. In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


# III. REQUESTS FOR PRODUCTION

1.      All communications with Intel or Intel's counsel regarding this Lawsuit.

2.      All communications with Intel or Intel's counsel regarding the '944 Patent.

3.      All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.      All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.   All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.   Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746**<br><br>**INFINEON TECHNOLOGIES AMERICAS CORP.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Infineon Technologies Americas Corp. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Infineon Technologies Americas Corp. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Infineon Technologies Americas Corp.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Infineon Technologies Americas Corp.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT

### for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                 Integrated Device Technology, Inc.
                        6024 Silver Creek Valley Road, San Jose, CA 95138  USA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 6024 Silver Creek Valley Road, San Jose, CA 95138 USA | Date and Time: 05/24/2019 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2019

*CLERK OF COURT*

                                   OR

_____       /s/ J. Andrew Love
    *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $          0.00          .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                          *Server's signature*

                                                              _____
                                                                          *Printed name and title*

                                                              _____
                                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.     In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.     If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.     All communications with Intel or Intel's counsel regarding this Lawsuit.

2.     All communications with Intel or Intel's counsel regarding the '944 Patent.

3.     All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.     All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **INTEGRATED DEVICE<br>TECHNOLOGY, INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Integrated Device Technology, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Integrated Device Technology, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Integrated Device Technology, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Integrated Device Technology, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Intersil Corporation
1001 Murphy Ranch Road, Milpitas, CA 95035

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1001 Murphy Ranch Road, Milpitas, CA 95035 | Date and Time: <br><br> 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2019

        *CLERK OF COURT*
                                    OR

                                               /s/ J. Andrew Love

            *Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
                                                  , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                  *Server's signature*

                                                          _____
                                                                  *Printed name and title*

                                                          _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16. "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17. The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18. The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1. Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2. In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3. In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


### III. REQUESTS FOR PRODUCTION

1.  All communications with Intel or Intel's counsel regarding this Lawsuit.

2.  All communications with Intel or Intel's counsel regarding the '944 Patent.

3.  All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.  All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **INTERSIL CORPORATION** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Intersil Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Intersil Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Intersil Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Intersil Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )　Civil Action No.　3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　　　　　　　　Linear Technology Corporation
　　　　　　　　　　1630 McCarthy Blvd Milpitas, CA 95035
──────────────────────────────────────────
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1630 McCarthy Blvd Milpitas, CA 95035 | Date and Time:<br><br>05/24/2019 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　04/19/2019

　　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　OR

──────────────────────────────　　　──────────────────────────────
*Signature of Clerk or Deputy Clerk*　　　　　　　/s/ J. Andrew Love
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　　Plaintiffs
─────────────────────────────────────────── , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                  *Server's signature*

                                             _____
                                                  *Printed name and title*

                                             _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.  All communications with Intel or Intel's counsel regarding this Lawsuit.

2.  All communications with Intel or Intel's counsel regarding the '944 Patent.

3.  All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.  All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.    All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.     All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.    All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.    All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.    All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.    All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.    All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.    All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.    All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.    All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.    All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.    All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.    All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.    All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **LINEAR TECHNOLOGY CORPORATION** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Linear Technology Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Linear Technology Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Linear Technology Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Linear Technology Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _____ | ) |
| *Plaintiff* | )  Civil Action No.   3:18-cv-0326-HZ |
| v. | ) |
| Intel Corporation | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:
Maxim Integrated Products, Inc.
160 Rio Robles, San Jose, CA 95134 USA

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 160 Rio Robles, San Jose, CA 95134 USA | Date and Time:<br>05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.  The term "'944 patent" refers to Patent No. 7,027,944.

6.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.  "VID" means voltage identification code.

8.  "PCU" means Power Control Unit.

9.  "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4. If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1. All communications with Intel or Intel's counsel regarding this Lawsuit.

2. All communications with Intel or Intel's counsel regarding the '944 Patent.

3. All documents sent to Intel related to FIVR, the PCU, or the SVID.

4. All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.  All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.  All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.   All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.  All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.  All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.  All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.  All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.  All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.  All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.  All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.  All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.  All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.  All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.  All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.  All communications with Intel regarding the Platform Design Guidelines in 2009.

45.	All communications with Intel regarding the Platform Design Guidelines in 2010.

46.	All communications with Intel regarding the Platform Design Guidelines in 2011.

47.	All communications with Intel regarding the Platform Design Guidelines in 2012.

48.	All communications with Intel regarding the Platform Design Guidelines in 2013.

49.	All communications with Intel regarding the Platform Design Guidelines in 2014.

50.	All communications with Intel regarding the Platform Design Guidelines in 2015.

51.	All communications with Intel regarding the Platform Design Guidelines in 2016.

52.	All communications with Intel regarding the Platform Design Guidelines in 2017.

53.	All communications with Intel regarding the Platform Design Guidelines in 2018.

54.	All communications with Intel regarding the Platform Design Guidelines in 2019.

55.	All Intel Platform Design Guidelines since 2009.

56.	All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.	All Intel VR design guidelines since 2009.

58.	All processor EDS specifications since 2009.

59.	Documents sufficient to show who Intel's platform designers since 2009.

60.	Documents sufficient to show when you were first made aware of FIVR.

61.	Documents sufficient to show when you were first made aware of FIVR removal.

62.	Documents sufficient to show when you were first made aware that FIVR would be added back.

63.	All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.	Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.	Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **MAXIM INTEGRATED PRODUCTS, INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Maxim Integrated Products, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Maxim Integrated Products, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Maxim Integrated Products, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Maxim Integrated Products, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT

## for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          NXP Semiconductors USA, Inc.
                    6501 William Cannon Drive West, Austin, Texas 78735

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 6501 William Cannon Drive West, Austin, Texas 78735 | Date and Time: <br><br> 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2019

           *CLERK OF COURT*
                                      OR

_____        /s/ J. Andrew Love

      *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


# III. REQUESTS FOR PRODUCTION

1.      All communications with Intel or Intel's counsel regarding this Lawsuit.

2.      All communications with Intel or Intel's counsel regarding the '944 Patent.

3.      All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.      All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
|---|---|
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **NXP SEMICONDUCTORS USA, INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for NXP Semiconductors USA, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from NXP Semiconductors USA, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of NXP Semiconductors USA, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of NXP Semiconductors USA, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    O2 Micro, Inc.
                              3118 Patrick Henry Drive, Santa Clara, CA 95054

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 3118 Patrick Henry Drive, Santa Clara, CA 95054 | Date and Time:<br><br>05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2019

|                    *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ J. Andrew Love<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____       _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.  The term "'944 patent" refers to Patent No. 7,027,944.

6.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.  "VID" means voltage identification code.

8.  "PCU" means Power Control Unit.

9.  "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.   If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.   All communications with Intel or Intel's counsel regarding this Lawsuit.

2.   All communications with Intel or Intel's counsel regarding the '944 Patent.

3.   All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.   All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.     All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.     Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45. All communications with Intel regarding the Platform Design Guidelines in 2010.

46. All communications with Intel regarding the Platform Design Guidelines in 2011.

47. All communications with Intel regarding the Platform Design Guidelines in 2012.

48. All communications with Intel regarding the Platform Design Guidelines in 2013.

49. All communications with Intel regarding the Platform Design Guidelines in 2014.

50. All communications with Intel regarding the Platform Design Guidelines in 2015.

51. All communications with Intel regarding the Platform Design Guidelines in 2016.

52. All communications with Intel regarding the Platform Design Guidelines in 2017.

53. All communications with Intel regarding the Platform Design Guidelines in 2018.

54. All communications with Intel regarding the Platform Design Guidelines in 2019.

55. All Intel Platform Design Guidelines since 2009.

56. All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57. All Intel VR design guidelines since 2009.

58. All processor EDS specifications since 2009.

59. Documents sufficient to show who Intel's platform designers since 2009.

60. Documents sufficient to show when you were first made aware of FIVR.

61. Documents sufficient to show when you were first made aware of FIVR removal.

62. Documents sufficient to show when you were first made aware that FIVR would be added back.

63. All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64. Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65. Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746**<br><br>**O2 MICRO, INC.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for O2 Micro, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from O2 Micro, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of O2 Micro, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of O2 Micro, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    ON Semiconductor
                       5005 E McDowell Rd, Phoenix, AZ 85008
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 5005 E McDowell Rd, Phoenix, AZ 85008 | Date and Time: <br><br> 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

*CLERK OF COURT*            OR

_____     /s/ J. Andrew Love
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.     In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.     If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. REQUESTS FOR PRODUCTION

1.     All communications with Intel or Intel's counsel regarding this Lawsuit.

2.     All communications with Intel or Intel's counsel regarding the '944 Patent.

3.     All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.     All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

FEREYDUN TABAIAN and
AHMAD ASHRAFZADEH,

Plaintiffs,

v.

INTEL CORPORATION,

Defendant.

Civil Action No.: 3:18-cv-0326-HZ

**DECLARATION MADE PURSUANT TO
28 U.S.C. § 1746**

**ON SEMICONDUCTOR**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for ON Semiconductor or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from ON Semiconductor. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of ON Semiconductor's regularly-conducted activity. Making and maintaining the record was a regular practice of ON Semiconductor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
> Qorvo (formerly SDMI)
> 7628 Thorndike Road Greensboro, NC 27409

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 7628 Thorndike Road Greensboro, NC 27409 | Date and Time:<br><br>05/24/2019 10:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ J. Andrew Love |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                          *Server's signature*

                                             _____
                                                          *Printed name and title*

                                             _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16. "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17. The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18. The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1. Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2. In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3. In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.  All communications with Intel or Intel's counsel regarding this Lawsuit.

2.  All communications with Intel or Intel's counsel regarding the '944 Patent.

3.  All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.  All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.     All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.     Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.   All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.    All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.   All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.   All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.   All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.   All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.   All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.   All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.   All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.   All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.   All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.   All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.   All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.   All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **QORVO (FORMERLY SDMI)** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Qorvo (formerly SDMI) or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Qorvo (formerly SDMI). These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Qorvo (formerly SDMI)'s regularly-conducted activity. Making and maintaining the record was a regular practice of ON Semiconductor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
for the
### District of Oregon

| | | |
|---|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) | |
| *Plaintiff* | ) | Civil Action No.  3:18-cv-0326-HZ |
| v. | ) | |
| Intel Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Renesas Electronics America Inc.
1001 Murphy Ranch Road, Milpitas, CA 95035

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1001 Murphy Ranch Road, Milpitas, CA 95035 | Date and Time: |
|---|---|
| | 05/24/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.    3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.  The term "'944 patent" refers to Patent No. 7,027,944.

6.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.  "VID" means voltage identification code.

8.  "PCU" means Power Control Unit.

9.  "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. REQUESTS FOR PRODUCTION

1.  All communications with Intel or Intel's counsel regarding this Lawsuit.

2.  All communications with Intel or Intel's counsel regarding the '944 Patent.

3.  All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.  All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.    All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.    Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.	All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.	All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.	All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.	All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.	 All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.	All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.	All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.	All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.	All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.	All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.	All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.	All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.	All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.	All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.	All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.	All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.	All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **RENESAS ELECTRONICS AMERICA INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Renesas Electronics America Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Renesas Electronics America Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Renesas Electronics America Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Renesas Electronics America Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Richtek Technology Corporation
1210 South Bascom Ave., Suite 227, San Jose, CA 95128

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1210 South Bascom Ave., Suite 227, San Jose, CA 95128 | Date and Time: 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ J. Andrew Love |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.  The term "'944 patent" refers to Patent No. 7,027,944.

6.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.  "VID" means voltage identification code.

8.  "PCU" means Power Control Unit.

9.  "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.     In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4. If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1. All communications with Intel or Intel's counsel regarding this Lawsuit.

2. All communications with Intel or Intel's counsel regarding the '944 Patent.

3. All documents sent to Intel related to FIVR, the PCU, or the SVID.

4. All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **RICHTEK TECHNOLOGY CORPORATION** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Richtek Technology Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Richtek Technology Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Richtek Technology Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Richtek Technology Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | | |
|---|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) | |
| *Plaintiff* | ) | Civil Action No.  3:18-cv-0326-HZ |
| v. | ) | |
| Intel Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
> Rohm USA, Inc.
> 2323 Owen Street, Santa Clara, CA 95054
>
> *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 2323 Owen Street, Santa Clara, CA 95054 | Date and Time:<br><br>05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/19/2019

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ J. Andrew Love
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.  "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.  The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.  The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.  Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.  In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4. If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. REQUESTS FOR PRODUCTION

1. All communications with Intel or Intel's counsel regarding this Lawsuit.

2. All communications with Intel or Intel's counsel regarding the '944 Patent.

3. All documents sent to Intel related to FIVR, the PCU, or the SVID.

4. All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.  All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **ROHM USA, INC.** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Rohm USA, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Rohm USA, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Rohm USA, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Rohm USA, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Semtech Corporation
200 Flynn Road, Camarillo, California 93012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 200 Flynn Road, Camarillo, California 93012 | Date and Time: 05/24/2019 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/19/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                       _____
                                                    *Printed name and title*

                                       _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16. "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17. The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18. The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1. Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2. In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3. In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.      All communications with Intel or Intel's counsel regarding this Lawsuit.

2.      All communications with Intel or Intel's counsel regarding the '944 Patent.

3.      All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.      All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.     All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.     Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.  All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **SEMTECH CORPORATION** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Semtech Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Semtech Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Semtech Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Semtech Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            STMicroelectronics, Inc.
            750 Canyon Dr, Suite 300, Coppell, TX 75019

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 750 Canyon Dr, Suite 300, Coppell, TX 75019 | Date and Time: 05/24/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:            04/19/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
, who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5.  The term "'944 patent" refers to Patent No. 7,027,944.

6.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7.  "VID" means voltage identification code.

8.  "PCU" means Power Control Unit.

9.  "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.   "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.   The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.   The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.   Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.   In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.   In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.     If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.     All communications with Intel or Intel's counsel regarding this Lawsuit.

2.     All communications with Intel or Intel's counsel regarding the '944 Patent.

3.     All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.     All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.    All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.    Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31.    All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32.     All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33.    All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34.    All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35.    All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36.    All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37.    All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38.    All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39.    All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40.    All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41.    All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42.    All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43.    All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44.    All communications with Intel regarding the Platform Design Guidelines in 2009.

45.     All communications with Intel regarding the Platform Design Guidelines in 2010.

46.     All communications with Intel regarding the Platform Design Guidelines in 2011.

47.     All communications with Intel regarding the Platform Design Guidelines in 2012.

48.     All communications with Intel regarding the Platform Design Guidelines in 2013.

49.     All communications with Intel regarding the Platform Design Guidelines in 2014.

50.     All communications with Intel regarding the Platform Design Guidelines in 2015.

51.     All communications with Intel regarding the Platform Design Guidelines in 2016.

52.     All communications with Intel regarding the Platform Design Guidelines in 2017.

53.     All communications with Intel regarding the Platform Design Guidelines in 2018.

54.     All communications with Intel regarding the Platform Design Guidelines in 2019.

55.     All Intel Platform Design Guidelines since 2009.

56.     All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.     All Intel VR design guidelines since 2009.

58.     All processor EDS specifications since 2009.

59.     Documents sufficient to show who Intel's platform designers since 2009.

60.     Documents sufficient to show when you were first made aware of FIVR.

61.     Documents sufficient to show when you were first made aware of FIVR removal.

62.     Documents sufficient to show when you were first made aware that FIVR would be added back.

63.     All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.     Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.     Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**STMICROELECTRONICS, INC.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for STMicroelectronics, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from STMicroelectronics, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of STMicroelectronics, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of STMicroelectronics, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Texas Instruments
                                  12500 TI Boulevard Dallas, TX 75243
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 12500 TI Boulevard Dallas, TX 75243 | Date and Time: |
|---|---|
| | 05/24/2019 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/19/2019

|  *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ J. Andrew Love |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                    _____
                                                        *Printed name and title*

                                    _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.	"Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.	The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.	The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.	Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.	In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.	In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.


## III. REQUESTS FOR PRODUCTION

1.      All communications with Intel or Intel's counsel regarding this Lawsuit.

2.      All communications with Intel or Intel's counsel regarding the '944 Patent.

3.      All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.      All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.  Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16. Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17. All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18. Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**TEXAS INSTRUMENTS** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Texas Instruments or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Texas Instruments. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Texas Instruments' regularly-conducted activity. Making and maintaining the record was a regular practice of Texas Instruments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

# UNITED STATES DISTRICT COURT
for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Vicor Corporation
25 Frontage Road, Andover, MA 0810-1216

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 25 Frontage Road, Andover, MA 0810-1216 | Date and Time: |
|---|---|
| | 05/24/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/19/2019

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | /s/ J. Andrew Love |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

J. Andrew Love, One Riverway, Suite 2200, Houston, Texas, love@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____              _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3. The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

4. The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

5. The term "'944 patent" refers to Patent No. 7,027,944.

6. "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

7. "VID" means voltage identification code.

8. "PCU" means Power Control Unit.

9. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

10. "FCM" means FIVR Control Module.

11. "SVID" means Serial Voltage Identification.

12. "Lawsuit" means the action styled *Fereydun Tabaian & Ahmad Ashrafzadeh v. Intel Corporation*, civil action number Civil Action No.: 3:18-cv-0326-HZ in the United States District Court for the District of Oregon.

13. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

14. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

16.  "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

17.  The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

18.  The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.  Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.  In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as

follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. REQUESTS FOR PRODUCTION

1.    All communications with Intel or Intel's counsel regarding this Lawsuit.

2.    All communications with Intel or Intel's counsel regarding the '944 Patent.

3.    All documents sent to Intel related to FIVR, the PCU, or the SVID.

4.    All communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

5.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2008.

6.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2009.

7.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2010.

8.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2011.

9.    Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2012.

10.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2013.

11.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2014.

12.   Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2015.

13.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2016.

14.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2017.

15.      Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2018.

16.     Documents sufficient to show who your point of contact is at Intel regarding External Voltage Regulators in 2019.

17.     All documents provided from Intel to you related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

18.     Documents sufficient to show how droop function is implemented in external voltage regulators to be paired with Intel's products containing FIVR including, but not limited to, specifications, schematics, drawings, block diagrams, articles, guidelines, and datasheets.

19.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2008.

20.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2009.

21.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2010.

22.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2011.

23.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2012.

24.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2013.

25.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2014.

26.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2015.

27.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2016.

28. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2017.

29. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2018

30. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators in 2019.

31. All documents related to testing performed by or with Intel on external voltage regulators in 2008.

32. All documents related to testing performed by or with Intel on external voltage regulators in 2009.

33. All documents related to testing performed by or with Intel on external voltage regulators in 2010.

34. All documents related to testing performed by or with Intel on external voltage regulators in 2011.

35. All documents related to testing performed by or with Intel on external voltage regulators in 2012.

36. All documents related to testing performed by or with Intel on external voltage regulators in 2013.

37. All documents related to testing performed by or with Intel on external voltage regulators in 2014.

38. All documents related to testing performed by or with Intel on external voltage regulators in 2015.

39. All documents related to testing performed by or with Intel on external voltage regulators in 2016.

40. All documents related to testing performed by or with Intel on external voltage regulators in 2017.

41. All documents related to testing performed by or with Intel on external voltage regulators in 2018.

42. All documents related to testing performed by or with Intel on external voltage regulators in 2019.

43. All documents related to the SVID for the Intel's Microprocessors from 2009–2019.

44. All communications with Intel regarding the Platform Design Guidelines in 2009.

45.    All communications with Intel regarding the Platform Design Guidelines in 2010.

46.    All communications with Intel regarding the Platform Design Guidelines in 2011.

47.    All communications with Intel regarding the Platform Design Guidelines in 2012.

48.    All communications with Intel regarding the Platform Design Guidelines in 2013.

49.    All communications with Intel regarding the Platform Design Guidelines in 2014.

50.    All communications with Intel regarding the Platform Design Guidelines in 2015.

51.    All communications with Intel regarding the Platform Design Guidelines in 2016.

52.    All communications with Intel regarding the Platform Design Guidelines in 2017.

53.    All communications with Intel regarding the Platform Design Guidelines in 2018.

54.    All communications with Intel regarding the Platform Design Guidelines in 2019.

55.    All Intel Platform Design Guidelines since 2009.

56.    All documents related to setting the DC_LL or the AVP in the external voltage regulator as described in Intel's IMVP 12 specifications.

57.    All Intel VR design guidelines since 2009.

58.    All processor EDS specifications since 2009.

59.    Documents sufficient to show who Intel's platform designers since 2009.

60.    Documents sufficient to show when you were first made aware of FIVR.

61.    Documents sufficient to show when you were first made aware of FIVR removal.

62.    Documents sufficient to show when you were first made aware that FIVR would be added back.

63.    All voltage regulator datasheets for external voltage regulators used with any Intel product containing FIVR.

64.    Documents sufficient to show how the load line value is set in voltage regulators used with any Intel product containing FIVR.

65.    Documents sufficient to show the actual load line values used in each voltage regulator made by you for any Intel product containing FIVR.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **VICOR CORPORATION** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Vicor Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Vicor Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Vicor Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Vicor Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name