Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
James E. Geringer, OSB No. 951783
KLARQUIST SPARKMAN LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
T:  503.595.5300
jeffrey.love@klarquist.com
john.vandenberg@klarquist.com
james.geringer@klarquist.com

Howard L. Close, Texas Bar No. 04406500
J. Andrew Love, Texas Bar No. 24007571
Patrick B. McAndrew, Texas Bar No. 24042596
Ronald L. Flack, Jr., Texas Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
T:  713.572.4321
close@wrightclosebarger.com
love@wrightclosebarger.com
mcandrew@wrightclosebarger.com
flack@wrightclosebarger.com

[Additional counsel listed on following page]

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**PLAINTIFFS' SECOND NOTICE OF SUBPOENAS** |

Richard N. Laminack, Texas Bar No. 11850350
LAMINACK, PIRTLE & MARTINES
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
T:  713-292-2750
rickl@lpm-triallaw.com

Luke Motley IV, Texas Bar No. 14595960
LAW OFFICES OF LUKE MOTLEY, IV PC
111 S. Travis Street
Sherman, TX 75090
T:  903-892-9133
lmotley4@motleypc.com

Attorneys for
FEREYDUN TABAIAN and AHMAD ASHRAFZADEH

Plaintiffs intend to serve subpoenas for the production of documents in the form attached hereto on the following entities on May 30, 2019:

1.     Acer America Corporation
2.     Apple, Inc.
3.     ASUS Computer International
4.     Dell Inc.
5.     Fujitsu America, Inc.
6.     Google, LLC
7.     Hewlett-Packard Development Company, L.P.
8.     HP, Inc.
9.     Lenovo (United States) Inc.
10.    LG Electronics USA, Inc.
11.    Microsoft
12.    Panasonic Corporation of North America
13.    Samsung Electronics America, Inc.
14.    Toshiba America, Inc.

Respectfully Submitted,

By:   *J. Andrew Love*
Jeffrey S. Love, OSB No. 873987
John D. Vandenberg, OSB No. 893755
James E. Geringer, OSB No. 951783
KLARQUIST SPARKMAN, LLP

Howard L. Close
J. Andrew Love
Patrick B. McAndrew
Ronald J. Flack
WRIGHT CLOSE & BARGER, LLP

Richard N. Laminack
LAMINACK, PIRTLE & MARTINES

Luke Motley IV
LAW OFFICES OF LUKE MOTLEY, IV PC

## **CERTIFICATE OF SERVICE**

I certify that this document is being served on all counsel of record through the Court's ECF system on May 29, 2019.


*/s/ J. Andrew Love*
J. Andrew Love

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Acer America Corporation
         c/o CT Corporation System, 818 West Seventy Street, Suite 930, Los Angeles, California 90017

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: CT Corporation System | Date and Time: |
|---|---|
| 818 West Seventy Street, Suite 930 Los Angeles, California 90017 | 06/28/2019 5:00 pm |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       05/30/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Ronnie L. Flack, Jr. |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Plaintiffs____
_____, who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

<em>Server's signature</em>

_____

<em>Printed name and title</em>

_____

<em>Server's address</em>

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.   All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.   All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.   All communications with Intel or Intel's counsel regarding this Lawsuit.

4.   All communications with Intel or Intel's counsel regarding the '944 Patent.

5.   All communications and documents related to any joint marketing campaign with Intel.

6.   All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.   All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.   All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.   All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.  All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.  All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.  All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.  Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.  All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

4

15.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.     All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.     All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.     All Intel Platform Design Guidelines since 2009.

19.     All Intel VR design guidelines since 2009.

20.     Documents sufficient to show Intel's platform designers since 2009.

21.     Documents sufficient to show when you were first made aware of FIVR.

22.     All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.     All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | |
| | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **ACER AMERICA CORPORATION** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Acer America Corporation or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Acer America Corporation. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Acer America Corporation's regularly-conducted activity. Making and maintaining the record was a regular practice of Acer America Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  _____

_____
Signature

_____
Printed Name

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Apple, Inc.
CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1 INFINITE LOOP, M/S 38-3TX<br>Cupertino, CA 95014 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/30/2019

_CLERK OF COURT_

OR

_____        /s/ Ronnie L. Flack, Jr.
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.     "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.     "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.     "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.     The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.     The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.     The term "'944 patent" refers to Patent No. 7,027,944.

7.     "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.     "VID" means voltage identification code.

9.     "PCU" means Power Control Unit.

10.    "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.    "FCM" means FIVR Control Module.

12.    "SVID" means Serial Voltage Identification.

13.    "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.    All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.    All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.    All communications with Intel or Intel's counsel regarding this Lawsuit.

4.    All communications with Intel or Intel's counsel regarding the '944 Patent.

5.    All communications and documents related to any joint marketing campaign with Intel.

6.    All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.    All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.    All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.    All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.    All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.    All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.    All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.    Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.    All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.     All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.     All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.     All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.     All Intel Platform Design Guidelines since 2009.

19.     All Intel VR design guidelines since 2009.

20.     Documents sufficient to show Intel's platform designers since 2009.

21.     Documents sufficient to show when you were first made aware of FIVR.

22.     All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.     All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **APPLE, INC.** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Apple, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Apple, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Apple, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Apple, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Oregon

| | | |
|---|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          ASUS Computer International
c/o CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 44370 NOBEL DRIVE<br>          Fremont, CA 94538 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/30/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Ronnie L. Flack, Jr. |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:18-cv-00326-HZ    Document 154    Filed 05/29/19    Page 24 of 130

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                      *Server's signature*

                                              _____
                                                      *Printed name and title*

                                              _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.    "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.    "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.    "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.    The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.    The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.    The term "'944 patent" refers to Patent No. 7,027,944.

7.    "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.    "VID" means voltage identification code.

9.    "PCU" means Power Control Unit.

10.    "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.    "FCM" means FIVR Control Module.

12.    "SVID" means Serial Voltage Identification.

13.    "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.     "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.      In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.     All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.     All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.     All communications with Intel or Intel's counsel regarding this Lawsuit.

4.     All communications with Intel or Intel's counsel regarding the '944 Patent.

5.     All communications and documents related to any joint marketing campaign with Intel.

6.     All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.     All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.     All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.     All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.    All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.    All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.    All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.    Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.    All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **ASUS COMPUTER** |
| INTEL CORPORATION, | **INTERNATIONAL** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for ASUS Computer International or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from ASUS Computer International. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of ASUS Computer International's regularly-conducted activity. Making and maintaining the record was a regular practice of ASUS Computer International.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:18-cv-0326-HZ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Dell Inc. c/o Corporation Service Company dba CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place:  1 DELL WAY<br>          ROUND ROCK, TX 78682-7000 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/30/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Ronnie L. Flack, Jr. |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.      In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.  All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.  All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.  All communications with Intel or Intel's counsel regarding this Lawsuit.

4.  All communications with Intel or Intel's counsel regarding the '944 Patent.

5.  All communications and documents related to any joint marketing campaign with Intel.

6.  All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.  All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.  All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.  All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10. All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11. All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12. All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13. Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14. All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.   All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.   All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.   All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.   All Intel Platform Design Guidelines since 2009.

19.   All Intel VR design guidelines since 2009.

20.   Documents sufficient to show Intel's platform designers since 2009.

21.   Documents sufficient to show when you were first made aware of FIVR.

22.   All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.   All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **DELL INC.** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Dell Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Dell Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Dell Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Dell Inc..

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Fujitsu America, Inc. c/o CT Corporation System
            1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1250 EAST ARQUES AVENUE<br>Sunnyvale, CA 94085-5401 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       05/30/2019

               *CLERK OF COURT*
                                                    OR
                                                          /s/ Ronnie L. Flack, Jr.
       _____                _____
       *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                          _____
                                                        *Printed name and title*

                                          _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.    "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.    "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.    "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.    The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.    The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.    The term "'944 patent" refers to Patent No. 7,027,944.

7.    "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.    "VID" means voltage identification code.

9.    "PCU" means Power Control Unit.

10.   "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.   "FCM" means FIVR Control Module.

12.   "SVID" means Serial Voltage Identification.

13.   "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.   The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.   The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.    All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.    All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.    All communications with Intel or Intel's counsel regarding this Lawsuit.

4.    All communications with Intel or Intel's counsel regarding the '944 Patent.

5.    All communications and documents related to any joint marketing campaign with Intel.

6.    All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.    All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.    All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.    All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.    All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.    All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.    All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.    Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.    All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

4

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **FUJITSU AMERICA, INC.** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Fujitsu America, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Fujitsu America, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Fujitsu America, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Fujitsu America, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Google, LLC c/o Corporation Service Company dba CSC – Lawyers Incorporating Service Company
1211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1600 Amphitheatre Parkway<br>Mountain View, CA 94043 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/30/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Ronnie L. Flack, Jr. |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
, who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.      "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.      "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.      "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.      The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.      The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.      The term "'944 patent" refers to Patent No. 7,027,944.

7.      "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.      "VID" means voltage identification code.

9.      "PCU" means Power Control Unit.

10.     "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.     "FCM" means FIVR Control Module.

12.     "SVID" means Serial Voltage Identification.

13.     "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.     The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.     The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

2

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.   All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.   All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.   All communications with Intel or Intel's counsel regarding this Lawsuit.

4.   All communications with Intel or Intel's counsel regarding the '944 Patent.

5.   All communications and documents related to any joint marketing campaign with Intel.

6.   All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.   All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.   All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.   All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.  All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.  All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.  All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.  Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.  All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **GOOGLE, LLC** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Google, LLC or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Google, LLC. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Google, LLC's regularly-conducted activity. Making and maintaining the record was a regular practice of Google, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Hewlett-Packard Development Company, L.P. c/o CT Corporation System
           1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 10300 Energy Drive<br>Spring, TX 77389 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/30/2019

           *CLERK OF COURT*

                                  OR

| _____ | /s/ Ronnie L. Flack, Jr.<br>_____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*

                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.   "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.   "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.   The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.   The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.   Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.   In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.    All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.    All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.    All communications with Intel or Intel's counsel regarding this Lawsuit.

4.    All communications with Intel or Intel's counsel regarding the '944 Patent.

5.    All communications and documents related to any joint marketing campaign with Intel.

6.    All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.    All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.    All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.    All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.    All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.    All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.    All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.    Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.    All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

4

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**HEWLETT-PACKARD<br>DEVELOPMENT COMPANY, L.P.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Hewlett-Packard Development Company, L.P. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Hewlett-Packard Development Company, L.P. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Hewlett-Packard Development Company, L.P.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Hewlett-Packard Development Company, L.P.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           HP, Inc. c/o CT Corporation System
              1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 3000 HANOVER STREET<br>Palo Alto, CA 94304 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/30/2019

             *CLERK OF COURT*
                                              OR
                                                    /s/ Ronnie L. Flack, Jr.
_____            _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                                *Server's signature*

                                                      _____
                                                                *Printed name and title*

                                                      _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.     "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.     "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.     The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.     The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.     Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.     In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.  All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.  All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.  All communications with Intel or Intel's counsel regarding this Lawsuit.

4.  All communications with Intel or Intel's counsel regarding the '944 Patent.

5.  All communications and documents related to any joint marketing campaign with Intel.

6.  All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.  All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.  All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.  All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10. All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11. All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12. All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13. Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14. All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **HP, INC.** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for HP, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from HP, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of HP, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of HP, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Lenovo (United States) Inc. c/o CT Corporation System
         1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1009 THINK PLACE<br>Morrisville, NC 27560 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/30/2019

              CLERK OF COURT
                                                              OR

    _____              /s/ Ronnie L. Flack, Jr.
    _Signature of Clerk or Deputy Clerk_        _____
                                                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

3

### III. DOCUMENT REQUESTS

1.    All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.    All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.    All communications with Intel or Intel's counsel regarding this Lawsuit.

4.    All communications with Intel or Intel's counsel regarding the '944 Patent.

5.    All communications and documents related to any joint marketing campaign with Intel.

6.    All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.    All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.    All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.    All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.   All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.   All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.   All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.   Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.   All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **LENOVO (UNITED STATES) INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Lenovo (United States) Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Lenovo (United States) Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Lenovo (United States) Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Lenovo (United States) Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   LG Electronics USA, Inc. c/o Corporation Service Company dba CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620, Dallas, Austin, Texas 78701-3218

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 920 SYLVAN AVENUE<br>Englewood Cliffs, NJ 07632 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/30/2019

| | |
|---|---|
| _CLERK OF COURT_ | OR |
| | /s/ Ronnie L. Flack, Jr. |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
, who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____      on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.     "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.     "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.     "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.     The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.     The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.     The term "'944 patent" refers to Patent No. 7,027,944.

7.     "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.     "VID" means voltage identification code.

9.     "PCU" means Power Control Unit.

10.    "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.    "FCM" means FIVR Control Module.

12.    "SVID" means Serial Voltage Identification.

13.    "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.      In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.     All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.     All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.     All communications with Intel or Intel's counsel regarding this Lawsuit.

4.     All communications with Intel or Intel's counsel regarding the '944 Patent.

5.     All communications and documents related to any joint marketing campaign with Intel.

6.     All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.     All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.     All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.     All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.    All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.    All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.    All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.    Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.    All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

4

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **LG ELECTRONICS USA, INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for LG Electronics USA, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from LG Electronics USA, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of LG Electronics USA, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of LG Electronics USA, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Microsoft c/o Corporation Service Company dba CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620, Dallas, Austin, Texas 78701-3218

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: ONE MICROSOFT WAY Redmond, WA 98052-6399 USA | Date and Time: 06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/30/2019

*CLERK OF COURT*

OR

_____          /s/ Ronnie L. Flack, Jr.
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                   *Server's signature*

                                        _____
                                                   *Printed name and title*

                                        _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.  "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.  "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.  "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.  The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.  The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.  The term "'944 patent" refers to Patent No. 7,027,944.

7.  "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.  "VID" means voltage identification code.

9.  "PCU" means Power Control Unit.

10. "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11. "FCM" means FIVR Control Module.

12. "SVID" means Serial Voltage Identification.

13. "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14. The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.    All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.    All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.    All communications with Intel or Intel's counsel regarding this Lawsuit.

4.    All communications with Intel or Intel's counsel regarding the '944 Patent.

5.    All communications and documents related to any joint marketing campaign with Intel.

6.    All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.    All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.    All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.    All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10.   All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11.   All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12.   All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13.   Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14.   All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | **MICROSOFT** |
| INTEL CORPORATION, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Microsoft. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Microsoft. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Microsoft's regularly-conducted activity. Making and maintaining the record was a regular practice of Microsoft.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | ) |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:18-cv-0326-HZ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Panasonic Corporation of North America c/o C T Corporation System
1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: One Panasonic Way<br>Secaucus, NJ 07094 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/30/2019

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Ronnie L. Flack, Jr. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                          _____
                                                      *Printed name and title*

                                          _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.    "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.    "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.    "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.    The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.    The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.    The term "'944 patent" refers to Patent No. 7,027,944.

7.    "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.    "VID" means voltage identification code.

9.    "PCU" means Power Control Unit.

10.    "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.    "FCM" means FIVR Control Module.

12.    "SVID" means Serial Voltage Identification.

13.    "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.   "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.   "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.   The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.   The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.   Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.   In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.  In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.  If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1. All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2. All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3. All communications with Intel or Intel's counsel regarding this Lawsuit.

4. All communications with Intel or Intel's counsel regarding the '944 Patent.

5. All communications and documents related to any joint marketing campaign with Intel.

6. All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7. All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8. All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9. All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10. All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11. All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12. All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13. Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14. All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16. All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17. All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18. All Intel Platform Design Guidelines since 2009.

19. All Intel VR design guidelines since 2009.

20. Documents sufficient to show Intel's platform designers since 2009.

21. Documents sufficient to show when you were first made aware of FIVR.

22. All documents and communications regarding FIVR being added back to Intel's microprocessors.

23. All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **PANASONIC CORPORATION OF NORTH AMERICA** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Panasonic Corporation of North America. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Panasonic Corporation of North America. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Panasonic Corporation of North America's regularly-conducted activity. Making and maintaining the record was a regular practice of Panasonic Corporation of North America.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Samsung Electronics America, Inc. c/o C T Corporation System
1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 105 CHALLENGER ROAD<br>RIDGEFIELD PARK, NJ 07660 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/30/2019

     *CLERK OF COURT*
                         OR

| | |
|---|---|
| _____ | /s/ Ronnie L. Flack, Jr.<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____, who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                         _____
                                                *Printed name and title*

                                         _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.    "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.    "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.    "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.    The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.    The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.    The term "'944 patent" refers to Patent No. 7,027,944.

7.    "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.    "VID" means voltage identification code.

9.    "PCU" means Power Control Unit.

10.   "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.   "FCM" means FIVR Control Module.

12.   "SVID" means Serial Voltage Identification.

13.   "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.   The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.   The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows: preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.      In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows:  preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production.  Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

## III. DOCUMENT REQUESTS

1.  All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.  All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.  All communications with Intel or Intel's counsel regarding this Lawsuit.

4.  All communications with Intel or Intel's counsel regarding the '944 Patent.

5.  All communications and documents related to any joint marketing campaign with Intel.

6.  All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.  All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.  All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.  All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10. All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11. All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12. All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13. Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14. All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15.    All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16.    All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17.    All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18.    All Intel Platform Design Guidelines since 2009.

19.    All Intel VR design guidelines since 2009.

20.    Documents sufficient to show Intel's platform designers since 2009.

21.    Documents sufficient to show when you were first made aware of FIVR.

22.    All documents and communications regarding FIVR being added back to Intel's microprocessors.

23.    All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and<br>AHMAD ASHRAFZADEH,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No.: 3:18-cv-0326-HZ<br><br>**DECLARATION MADE PURSUANT TO<br>28 U.S.C. § 1746**<br><br>**SAMSUNG ELECTRONICS<br>AMERICA, INC.** |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Samsung Electronics America, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are \_\_\_\_\_ pages of records from Samsung Electronics America, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Samsung Electronics America, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Samsung Electronics America, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| Fereydun Tabaian & Ahmad Ashrafzadeh | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   3:18-cv-0326-HZ |
| Intel Corporation | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Toshiba America, Inc. c/o C T Corporation System
             1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See documents, electronically stored information, and objects described in Exhibit A to this subpoena.

| Place: 1251 Avenue of the Americas, Suite 4110<br>New York, NY 10020 USA | Date and Time:<br><br>06/28/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          05/30/2019

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /s/ Ronnie L. Flack, Jr. |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ronnie L. Flack, Jr., One Riverway, Suite 2200, Houston, Texas, flack@wrightclosebarger.com, 713-572-4321

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:18-cv-0326-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                           *Server's signature*

                                         _____
                                                           *Printed name and title*

                                         _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA

## I. DEFINITIONS

1.   "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2.   "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party or parties to whom this discovery request is directed.

3.   "Your Products" means any product or any portion of a product designed or manufactured by You including but not limited to, desktops, laptops, tablets, mobile devices, and any other type of computing device.

4.   The terms "Intel" and "Defendant" refer to Defendant Intel Corporation.

5.   The terms "Plaintiffs" and "Tabaian" and "Ashrafzadeh" refers to Plaintiffs Fereydun Tabaian and Ahmad Ashrafzadeh.

6.   The term "'944 patent" refers to Patent No. 7,027,944.

7.   "FIVR" means Intel's Fully Integrated Voltage Regulator technology.

8.   "VID" means voltage identification code.

9.   "PCU" means Power Control Unit.

10.   "unCore" means that part of an Intel processor that includes all the chip components outside the CPU core.

11.   "FCM" means FIVR Control Module.

12.   "SVID" means Serial Voltage Identification.

13.   "Lawsuit" means Civil Action No.: 3:18-cv-0326-HZ; FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, v. INTEL CORPORATION.

14.   The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

15.   The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

16.    "Relating to," "concerning," "regarding," "referring to," "with respect to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, or person.

17.    "Communication" refers to any transmission of information, including correspondence, telephone calls, or conversations.

18.    The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure.  The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated.  "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you.  "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

19.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

## II. INSTRUCTIONS

1.    Please complete and sign the attached Declaration Made Pursuant to 28 U.S.C. § 1746.

2.    In the event that a document called for by this request has been destroyed, that document is to be identified as follows:  preparer, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, date of destruction, manner of destruction, name, title, and address of

person authorizing destruction, name, title, and address of person destroying the document, reason for destruction, and description of efforts to locate the document and copies of it.

3.    In the event that a document called for by this request is withheld on the basis of a claim of privilege or is not produced for whatever reason, that document is to be identified as follows: preparer, addressee, each recipient, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, subject matter, number of pages, attachments and appendices, name, title, and address of present custodian, and basis asserted for non-production. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.    If this request calls for the production of electronically stored information, this information should be produced in its native format, where such format is a reasonably usable form. To the extent electronically stored information is stored in a format that is not reasonably usable, this information should be produced in .PDF or .TIFF format.

### III. DOCUMENT REQUESTS

1.  All documents related to the selection of Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

2.  All documents related to the process for selecting motherboards for Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors for Your Products from 2009 through the current date.

3.  All communications with Intel or Intel's counsel regarding this Lawsuit.

4.  All communications with Intel or Intel's counsel regarding the '944 Patent.

5.  All communications and documents related to any joint marketing campaign with Intel.

6.  All communications and documents related to any incentives, rebates, or bonuses provided by Intel related to Intel Microprocessor sales.

7.  All communications and documents related to any comparison of AMD and Intel microprocessors from Ivy Bridge, Sandy Bridge, Haswell, Broadwell, and Skylake family of processors including costs, revenue, profit, expenses, bill of materials, and sales.

8.  All communications and documents related to design of Your Products for use with Intel microprocessors from the Haswell, Broadwell, and Skylake family of processors from 2012 through the current date, including, but not limited to, working with Intel on chip designs, motherboard designs, and combining motherboards with Intel microprocessors.

9.  All documents related to savings, bill of material, costs, expenses, or any other financial information of Your Products related to Intel's microprocessors from 2009 through the current date.

10. All documents and communications regarding any agreements for sharing costs, profits, or expenses with Intel from 2009 through the current date.

11. All documents and communications related to FIVR, the PCU, any External Voltage Regulator, or the SVID.

12. All documents and communications with Intel regarding FIVR including, but not limited to, FIVR benefits, FIVR issues, FIVR removal, FIVR future, and the costs of FIVR.

13. Documents sufficient to show your point of contact at Intel from 2009 through the current date.

14. All documents provided to you from Intel related to FIVR including all specifications, schematics, drawings, block diagrams, articles, guidelines, and any other guides or tools for designing external voltage regulators.

15. All documents and communications with Intel regarding Intel selecting a reference design for external voltage regulators from 2008 through the current date.

16. All documents related to testing performed by or with Intel on external voltage regulators from 2008 through the current date.

17. All communications with Intel regarding the Platform Design Guidelines from 2009 through the current date.

18. All Intel Platform Design Guidelines since 2009.

19. All Intel VR design guidelines since 2009.

20. Documents sufficient to show Intel's platform designers since 2009.

21. Documents sufficient to show when you were first made aware of FIVR.

22. All documents and communications regarding FIVR being added back to Intel's microprocessors.

23. All documents and communications regarding FIVR removal from Intel's microprocessors.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FEREYDUN TABAIAN and AHMAD ASHRAFZADEH, | Civil Action No.: 3:18-cv-0326-HZ |
| Plaintiffs, | **DECLARATION MADE PURSUANT TO 28 U.S.C. § 1746** |
| v. | |
| INTEL CORPORATION, | **TOSHIBA AMERICA, INC.** |
| Defendant. | |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

My name is _____. I am custodian of records for Toshiba America, Inc. or am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attached to this declaration are _____ pages of records from Toshiba America, Inc. These records are true and correct copies of the originals.

The acts, events, conditions, opinions, or diagnoses reflected in the records were made at or near the time by—or with information transmitted by—someone with knowledge of the acts, events, conditions, opinions, or diagnoses. These records are kept in the course of Toshiba America, Inc.'s regularly-conducted activity. Making and maintaining the record was a regular practice of Toshiba America, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Printed Name